Rockingham, }
Oct. 6, 1914. }

### PATRICK SHANNON *v.* BOSTON & MAINE RAILROAD.

Where an employee of a railroad company engaged in interstate commerce is injured by negligence attributable to the carrier, his sole remedy is a proceeding under the federal employers' liability act, brought within two years from the day the cause of action accrued.

CASE, for negligently causing personal injury to the plaintiff, who was employed by the defendants in repairing their tracks at Exeter. It was alleged that while so engaged and while in the exercise of due care, he was struck and injured by one of the defendants' trains. The defendants filed a brief statement, alleging in substance that at the time the plaintiff was injured he and they were both engaged in interstate commerce, that the plaintiff's only remedy is under the act of congress known as the employers'

liability act, which precludes the bringing of a suit after two years from the time the cause of action accrued, and that this action was not brought until after the expiration of that period. Upon the plaintiff's motion, the court rejected the brief statement, holding that the limitation in the federal law did not apply, and the defendants excepted. Transferred from the January term, 1914, of the superior court by *Chamberlin,* J.

*Eastman, Scammon & Gardner,* for the plaintiff.

*Page, Bartlett & Mitchell* and *Kelley & Hatch,* for the defendants.

WALKER, J. As the facts reported are understood, the question presented is, whether the federal employers' liability act (35 U. S. Stat. 65) furnishes an exclusive remedy in cases like the present one and in effect abrogates state laws relating thereto. In the absence of any suggestion from the plaintiff by brief or argument to the contrary, the defendant's claim that this is the only question intended to be raised by the case is assumed to be true. *Laforme* v. *Bradley, ante,* 128. The ruling of the court was that the case as stated in the declaration and the brief statement was not governed by the federal statute, and that section 6 of the act of congress, providing that "no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued," had no application. If this ruling is erroneous, it is clear that the plaintiff cannot maintain this action upon the facts alleged in the brief statement. That it was erroneous can admit of no doubt, in view of several decisions of the supreme court of the United States holding that the act of congress referred to is exclusive in its operation.

In the recent case of *St. Louis etc. Ry.* v. *Hesterly,* 228 U. S. 702, it was held that the federal employers' liability act supersedes state laws in the matters with which it deals, including liability of carriers while engaged in commerce between the states for defects of cars, and that in case of the death of the injured employee there can be no recovery under the act for the pain suffered before death. The case arose upon a writ of error to the supreme court of Arkansas, where it was held that the right of action was one at common law which survived under the statute, that the statute of the United States upon the subject was cumulative and not exclusive of the remedy provided by the local statute, and that the administrator might recover for the pain suffered by the deceased before his death.

98 Ark. 240. In holding that this was error, the court say (*p.* 704): "Coming to the merits, it now is decided that the act of congress supersedes state laws in the matter with which it deals. *Mondou* v. *New York, New Haven & Hartford R. R. Co.*, 223 U. S. 1, 53–55; *Missouri, Kansas and Texas Ry. Co.* v. *Wulf*, 226 U. S. 570, 576; *Michigan Central R. R. Co.* v. *Vreeland*, 227 U. S. 59, 67. The act deals with the liability of carriers, while engaged in commerce between the states, for defects in cars. Section 1. In case of death the only action is one for the benefit of the next of kin. . . . Therefore the ruling of the state court was wrong." There is no doubt that the act of congress also deals with the liability of a railroad engaged in interstate commerce for an injury like that suffered by the plaintiff. It follows that his remedy therefor is exclusively afforded by the United States statute. If the claim that the present action was begun more than two years after the cause of action arose is established, the suit must be dismissed.

*Exception sustained.*

All concurred.