## Louisville & Nashville Railroad Company v. Brandenburg, By, etc.

(Decided May 23, 1924.)

### Appeal from Lee Circuit Court.

1. Trial—Where Facts Undisputed, Duty of Court to Determine Legal Effect.—Where facts are undisputed, it is duty of court and not jury to determine their legal effect and law applicable.

2. Commerce—Railroad Held Engaged in Interstate Commerce.—Proof, that defendant railroad, sued for injuries to servant regularly operated freight and passenger trains between points in the state and points out of the state established the fact that it was a common carrier engaged in interstate commerce.

3. Commerce—Section Hand Unloading Ties Along Main Track Engaged In "Interstate Commerce."—Section hand, unloading ties along main line track of interstate carrier, to be used in its repair, was engaged in "interstate commerce," under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657, 8665).

4. Evidence—Statement as to Purpose of Unloading Ties Held Statement of Fact and Conclusive.—Testimony of section hand that ties being unloaded along a main line track were to be used in the track was a statement of fact necessarily within knowledge of

witness, and was conclusive, notwithstanding subsequent answer of doubtful meaning.

5. Commerce—Federal Employers' Liability Act Exclusive.—The federal Employers' Liability Act (U. S. Comp. Stats., sections 8657, 8665) is exclusive, and a section hand engaged in interstate commerce must sue under it for personal injuries received.

6. Master and Servant—Direction of Verdict Against Plaintiff with Opportunity to Amend Petition in Common-Law Action Proper, where Federal Act Applies.—Where section hand brought common-law action for injuries, and it appeared on trial that defendant and plaintiff were engaged in interstate commerce, court should have sustained defendant's motion for directed verdict, but plaintiff should be given opportunity to amend petition.

7. Trial—Duty of Court to Correctly Instruct, though Request Not in Correct Form.—In action by section man for injuries while engaged in interstate commerce, it was duty of court to correctly instruct jury under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657, 8665), though defendant's tendered instruction under that act was not correct in form and in substance.

8. Commerce—Improper under Federal Act to Permit Amendment to Show Parent Assigned Right of Action to Injured Employee for Loss of Service.—In action by section hand injured while engaged in interstate commerce, it was improper and prejudicial to permit plaintiff to file an amended petition alleging that his widowed mother had assigned to him her right of action for loss of his services, because under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657, 8665) mother had no cause of action.

A. M. WARREN, WOODWARD & WARFIELD, HUNT, NORTH-CUTT & BUSH and ROSE & STAMPER for appellant.

J. M. McDANIEL and HOBSON & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Reversing.

Appellee, Lucien Brandenburg, brought this action by his guardian against the L. & N. Railroad Company, appellant herein, to recover damages for personal injuries sustained while in its employ. The uncontradicted evidence showed that on or about May 5, 1921, acting under the orders of his foreman, appellee was unloading railroad ties from a box car which was part of a work train then standing still on appellant's main track near Willows Shoals in Lee county, Kentucky. While he was thus working between the piles of ties inside the car appellant's employees negligently ran another train into the one on which he was working, knocking a number of ties over against him and on him and inflicted the in-

juries of which he complained. The jury found a verdict for appellee for $10,000.00, and from the judgment entered thereon appellant prosecutes this appeal.

Appellant earnestly insists that this action should have been brought and tried under the federal Employers' Liability Act because, it is asserted, both parties are shown by the evidence to have been engaged in interstate commerce at the time of the accident. A careful consideration of the record convinces us of the soundness of this contention, and in failing to so hold the lower court committed an error which necessitates the reversal of the judgment in this case. Appellee argues vigorously that even if the court did so err, which it does not admit, the error was waived by appellant's failure to either tender or ask for an instruction submitting to the jury the question of whether or not the parties were engaged in interstate commerce at the time of the accident, and that having failed to do so it cannot now complain of the action of the court. This would be sound had there been any conflict in the evidence upon this question, but there was none and consequently there was no issue of fact to be tried by the jury. Where the facts are undisputed it is the duty of the court and not of the jury to determine their legal effect and the law applicable to the state of facts proven.

The petition in the case at bar merely alleges that the appellant, L. & N. R. R. Company, is a corporation with power to sue and be sued and to contract and be contracted with, and that on or about May 5th, 1921, the appellee was employed by the appellant, and while removing railroad ties from a box car appellant's agents "negligently and carelessly ran another train against the train of which said box car was a part and caused some of said ties to be thrown on and against him and thereby caused him to be permanently injured," etc.

It will be seen there was no allegation that the appellant was a common carrier or that it was engaged in either interstate or intrastate commerce, or that it was engaged in commerce at all; so that on its face the action was merely one at common law between master and servant, if, indeed, the petition sets up a cause of action at all. Certainly it does not set up one under either the federal or state Employers' Liability Act, nor did the appellant plead either act by way of defense. The answer consisted simply of a general denial of all the allegations

relative to the accident and the resulting injuries, and upon these issues the case went to trial.

The only issue upon which there was any dispute in the evidence was as to the extent of appellee's injuries, and with that we are not concerned at this time. Our sole consideration is whether or not the uncontradicted evidence brings this action within the purview of the federal act, and that it does do so a brief examination of appellee's evidence will clearly demonstrate. The proof showed that appellee had been a section hand in the employ of appellant for some seven or eight months prior to the accident. At the time of the accident he and several other employees were unloading railroad ties from a box car which was part of a work train engaged in hauling gravel and ties along the main track of appellant's railroad. Although counsel contends otherwise, it is clearly proven both by appellee's guardian, whom he introduced as a witness, and also by appellant's agent at Beattyville, that appellant regularly operated freight and passenger trains over this main track from Beattyville, Kentucky, to Cincinnati, Ohio, and to other points in Kentucky, and in the light of their testimony it cannot be successfully contended that the appellant was not proven to be a common carrier engaged in interstate commerce. That being true the only remaining question to be determined is whether the appellee was engaged in interstate commerce within the contemplation of the federal act at the time he was injured.

Appellee testified that he and his co-employees had been unloading ties for an hour or more; that they would unload a few on each side of the main track and the train would then move down a short distance and they would unload more, and in this way they were placing ties at short intervals along and on both sides of appellant's main track, which is the track over which it operated interstate freight and passenger trains. It is practically or at least inferentially conceded by appellee's counsel that if the appellant was a common carrier engaged in interstate commerce, which it undoubtedly was, and the appellee was unloading ties to be used in repairing appellant's main track, then he was engaged at the time of the accident in interstate commerce, and the federal act would apply. That this is true is too well settled both by decisions of this court and the decisions of the United States Supreme Court to admit of argument. Coons v. L. & N. R. Co., 185 Ky. 741; L. & N. R.

R. Co. v. Williams' Admr., 175 Ky. 679; Pederson v. Del., Lack. & West. R. R., 229 U. S 146.  Appellee alone testified as to the purpose for which the ties were to be unloaded, and his testimony on that subject is as follows:

"Q.  Those ties were to be used in this main track, wasn't they?  A.  Yes, sir.
"Q.  You knew that fact?  A.  Yes, sir."

This is a plain, positive statement of a fact necessarily within the knowledge of the witness, and in our opinion is conclusive of the question in the absence of any contradictory evidence; but counsel contend that its force and effect were wholly destroyed by his subsequent testimony as shown in the following colloquy:

"Q.  I believe you said that the ties that you were unloading were to be put in the main track and on which your train was run; they were repairing it, were they not, they were to be used to repair the railroad track along there?  A.  I reckon, I don't know."

We cannot agree with counsel that this doubtful answer to an involved question in any way militates against or weakens plaintiff's previous positive and unequivocal statement that the ties were to be used in the repair of the main track.  As an experienced section hand he must have known the purpose for which the ties were being unloaded at regular intervals along both sides of the main track of the railroad, and it is far more reasonable to assume that in answering, "I reckon, I don't know," he was responding to that part of the question in which he was asked if *he had not said* "that the ties that you were unloading were to be put in the main track," etc., rather than to the latter part of the question.  Doubtless he did not know whether he had made that statement before or not, for he had been asked some eighty odd questions since making it, and it is not at all unreasonable to assume that he simply meant by his answer that he did not know whether he had made that statement before or not, but reckoned he had.  At all events it is very evident that his last statement was a casual, unconsidered response to an involved question and it in nowise weakened or voided the effect of his former unequivocal statement that the ties were to be used in repairing appellant's main track.  That the ties were to be so used is

likewise plainly evident from the surrounding circumstances.

It is therefore clear that appellant was shown to be a common carrier and that both it and the appellee were engaged in interstate commerce at the time of the accident; it follows necessarily that the action should have been brought and tried under the federal act. That act is exclusive where it applies, as in this case, and no other right of action exists in the field which it covers.

Consequenty it was the duty of the trial court to have sustained appellant's motion for a directed verdict made at the conclusion of appellee's evidence and renewed at the conclusion of all the evidence, and in each instance based upon the insufficiency of the pleadings and the insufficiency of the evidence. Under a strikingly similar state of facts this procedure was approved by this court in the case of Hines, Director General v. Burns' Admrx., 189 Ky. 761, and other cases therein cited. Of course, appellee should have been given an opportunity to amend his petition and he may yet do so if upon a retrial he desires to do so under the facts as they are then developed.

Appellee further contends that although the court may have erred in failing to sustain appellant's motion for a peremptory instruction, appellant's substantial rights were not prejudiced thereby and the error was therefore harmless. With this we cannot agree. Appellant tendered an instruction embodying its conception of the law under the federal act, and whether correct in form and substance or not, it was the duty of the court to correctly instruct the jury under that act instead of under the state act as was done. Whether under the circumstances that was prejudicial it is not necessary to determine, but it was clearly prejudicial and improper to permit appellee to file an amended petition, over appellant's objection, alleging that his widowed mother had assigned to him her right of action for the loss of his services and for all other claims she had against the appellant, and thereafter permit her to testify to that fact. Even if that were proper under the state act, which we do not decide, it was improper under the federal act and necessarily highly prejudicial. Indeed, its sole purpose was to impress upon the jury the fact that it was trying two cases in one and thereby increase the amount of the verdict. It was improper because under the federal act

the appellee's mother had no cause of action and there was therefore nothing for her to assign, as was so decided by the Supreme Court in New York Central & Hudson River R. R. v. Tonsellito, 244 U. S. 360.

Manifestly, it was prejudicial in the light of the very liberal verdict returned by the jury. While we do not mean to be understood as holding that the verdict is grossly excessive, it is obviously large in view of the wholly unsatisfactory evidence as to the seriousness and permanency of appellee's injuries.

Numerous other errors are alleged, but as the judgment must be reversed because of the court's failure to peremptorily instruct the jury to find for appellant, it would serve no useful purpose to further extend this opinion. This is particularly true in view of the fact that either or both parties may yet amend their pleadings herein, as they have the right to do, and the evidence upon a retrial may develop a different cause of action from the one proven upon the first trial.

For this reason only such questions as are herein expressly decided shall be considered as having been determined or passed upon; all other quetions which were or could have been raised or considered are reserved.

For the reasons indicated the judgment is reversed for further proceedings consistent with this opinion.

Judgment reversed.