## CHESAPEAKE & O. RY. CO. v. MILES.

Court of Appeals of Kentucky.

May 23, 1952.

Browning & Gray, Ashland, Wells & Wells, Paintsville, for appellant.

Jasper H. Preece, Inez, for appellee.

CULLEN, Commissioner.

The C. & O. Railway Company appeals from a $1,500 judgment against it, in favor of Jack D. Miles, for personal injuries sustained by Miles while in the employ of the railway company.

Miles' petition purported to state a cause of action at common law arising out of the negligence of his employer in failing to provide a safe place of employment and in failing to warn him of the dangers incident to the work in which he was engaged, which consisted of replacing rails on a spur track. However, it was clearly established by the evidence on the trial that Miles' employment was in interstate commerce, and therefore, if Miles had any cause of action, it necessarily was under the Federal Employers' Liability Act. See Louisville & N. Railroad Co. v. Brandenburg, 207 Ky. 689, 270 S.W. 1; Chesapeake & O. Ry. Co. v. Rucker, 246 Ky. 161, 54 S. W.2d 642.

The Federal Employers' Liability Act provides, 45 U.S.C.A. § 56:

> "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

The accident in which Miles was injured occurred on September 24, 1945, and his action was not commenced until April 28, 1949, which was more than three years after the cause of action accrued. In his petition, Miles sought to escape the bar of the statute by alleging that he was an infant at the time of the accident, and that he became of age less than one year before the action was commenced, thus bringing himself within the provisions of the Kentucky limitation statute, KRS 413.-170, which suspends the running of limitations during infancy.

Because the plaintiff's petition did not allege facts showing that the parties were engaged in interstate commerce at the time of the accident, the defendant railway company was not able to raise by demurrer the question of limitations under the Federal statute, but the company properly raised the question by answer. The lower court ruled that the action was not barred by limitations.

It appears to be the uniform rule that state statutes of limitation have no application to an action under the Federal Employers' Liability Act. See Bell v. Wabash Ry. Co., 8 Cir., 58 F.2d 569; Shannon v. Boston & M. R. R., 77 N.H. 349, 92 A. 167; Vaught v. Virginia, etc., R. Co., 132 Tenn. 679, 179 S.W. 314; Osborne v. United States, 2 Cir., 164 F.2d 767. It has been specifically held that the Federal statute is not tolled by infancy, Gillette v. Delaware, L. & W. R. Co., 91 N.J.L. 220, 102 A. 673; Link v. Carolina & N. W. Ry. Co., 198 N.C. 78, 150 S.E. 672; or by insanity, Alvarado v. Southern Pac. Co., Tex.Civ.App., 193 S.W. 1108.

It is our opinion that the Federal statute is exclusive on the question of limitations, and that the plea of limitations in the case before us should have been upheld.

The judgment is reversed, with directions to sustain the plea of limitations.