Robert A. VAN ZWEDEN, Plaintiff,

v.

The **SOUTHERN PACIFIC TRANSPOR-
TATION COMPANY, Defendants.**

No. 89–C–0036A.

United States District Court,
D. Utah, C.D.

June 12, 1990.

Phillip Shell of Day & Barney, Murray,
Utah, H. Chris Christy and Bruce E. Hal-
stead of Jones & Granger, Houston, Tex.,
for plaintiff.

Paul D. Newman of Ray, Quinney &
Nebeker, Salt Lake City, Utah, for defen-
dants.

ORDER

ALDON J. ANDERSON, Senior
District Judge.

### I. INTRODUCTION

Before the court is defendant Southern
Pacific Transportation Company's (South-
ern Pacific) motion for summary judgment.
Defendant asserts that plaintiff's claim is
barred by the statute of limitations. At
issue is whether the plaintiff, through his
affidavit, has raised a genuine issue of
material fact as to when his cause of action
accrued. The court heard oral argument
on this motion on June 1, 1990, and took
the motion under advisement. Having ad-
vised itself of the law and the facts in this
case the court is now prepared to rule.
Because there is an issue of fact yet to be
resolved, Southern Pacific's motion for
summary judgment is denied.

### II. FACTUAL BACKGROUND

The plaintiff was employed by Southern
Pacific as a machinist for 42 years until his
retirement in 1981. Plaintiff claims that
during his employment with Southern Pa-
cific he was subjected to excessive, con-
stant and extremely loud levels of noise
throughout his daily work period, and that
this exposure ultimately resulted in severe
and permanently disabling hearing loss.
Plaintiff's claim is brought under the Fed-
eral Employers' Liability Act (FELA).
Southern Pacific asserts that plaintiff's
claim is barred under the FELA statute of
limitations which is three years. 45 U.S.C.
§ 56. Plaintiff filed this cause of action
April 14, 1989.

In support of its motion for summary judgment, Southern Pacific points to the plaintiff's deposition of January 16, 1990. Southern Pacific claims the plaintiff testified that, in 1981, he was aware of his hearing loss and believed that it was caused by the noise levels which he was exposed to while working for Southern Pacific. At his deposition, the plaintiff testified as follows:

Question: What I'm asking you is before he told you you were a little hard of hearing in 1981, did you feel that you were a little hard of hearing?

Answer: Yes, I felt like I was a little hard of hearing or I wouldn't have had the test.

Question: In 1981?

Answer: Yes....

Question: When you felt you were a little hard of hearing before you had the hearing test, did you attribute that to your work environment in any way?

Answer: I figured that that's what would cause it, yes. There would be no other reason I can say. I wasn't sick or anything.

Van Zweden Deposition at 80. Plaintiff further testified:

Question: Did you use the ear plugs when the noise level was high from 1977 until you retired?

Answer: Yes, I'd say that you could use them during that period.

Question: Not could, but did you?

Answer: Yes, periodically.

Question: Did you use the ear plugs because you felt you were slightly hard of hearing and it was affecting your hearing?

Answer: I used the ear plugs so it would deaden the noise, because the noise was such extreme.

Question: Did you feel that that extreme noise affected you hearing?

Answer: Yes, I felt like it would affect your hearing.

Question: And that's why you used the ear plugs?

Answer: Yes.

Question: Then in 1981 you felt you were slightly hard of hearing?

Answer: Yes.

Van Zweden Deposition at 101. Plaintiff also testified as follows:

Question: And you felt that the noise that you experienced while working at the railroad was causing that hearing loss?

Answer: It could affect it, yes It was the only place I worked.

Question: Well, you thought it was affecting your hearing?

Answer: I thought it was.

Van Zweden Deposition at 125.

In opposition to Southern Pacific's motion for summary judgment plaintiff has submitted an affidavit in which he asserts that it was not until sometime after September 1988, when he received a letter from his Union which suggested that he could have sustained a permanent hearing loss injury from exposure to noise, that he began to suspect that his hearing loss could have been caused by exposure to job related noise. Affidavit of Robert A. Van Zweden at 4. With respect to the apparent discrepancy between this testimony and his prior deposition, plaintiff's affidavit explains as follows:

16. In January 1990, when I gave a deposition in connection with my lawsuit against the Railroad, I was asked whether I attributed my hearing loss to my work environment in any way. Although I answered, yes, that noise at work was the cause of my hearing loss, my answer at my deposition was how I now understand my hearing loss to have occurred. My statement in my deposition was not a statement of what my thinking was in 1980 or 1981, but rather was only a statement of what my thinking was at the time of my deposition.

17. Prior to receiving the letter from the Union, I always believed that my hearing loss was the result of growing old or had some connection to family traits or both.

Affidavit of Robert A. Van Zweden at 5. The question before the court is whether there is a genuine issue of material fact as to when plaintiff began to suspect that his

hearing loss was caused by job related noise.

## III. ANALYSIS

Southern Pacific has made a motion for summary judgment. As the moving party, Southern Pacific has the burden of showing that "there is no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R. Civ.Pro. 56(c). In determining whether Southern Pacific has met its burden, the court will construe the facts presented in the light most favorable to the plaintiff, who opposes the motion. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1969). Moreover, the plaintiff will be given the benefit of all favorable inferences that can be drawn from the facts before the court. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2727 (1983).

The applicable statute of limitations under FELA is found in section 56 of title 45. Section 56 provides that "[n]o action shall be maintained under this chapter unless commenced within three years from the date the cause of action accrued." 45 U.S.C. § 56. Plaintiff filed suit on April 14, 1989. Applying the three year statute of limitations, the court cannot entertain plaintiff's claim if it accrued before April 14, 1986. Thus, the important date to be determined is the date the cause of action accrued.

In a case like the one now before the court, where the neither the injury nor the cause of the injury may be discovered at the time it was inflicted, the cause of action accrues when the potential plaintiff should reasonably have become aware of the injury and its cause. *See, e.g., DuBose v. Kansas City Southern Ry. Co.*, 729 F.2d 1026, 1030 (5th Cir.1984), *cert. denied*, 469 U.S. 854, 105 S.Ct. 179, 83 L.Ed.2d 113 (1984) (applying FELA's statute of limitations). In this case, it is uncontradicted that the plaintiff knew before April 14, 1986 of his hearing loss. There appears, however, to be conflicting testimony as to when the plaintiff suspected that his hearing loss was caused by work related noise.

As quoted above, plaintiff's deposition appears to state that in 1981 he suspected that his hearing loss was due to exposure to loud noise experienced at work. In his subsequent affidavit, however, plaintiff apparently contradicts his deposition and insists that he did not suspect that his hearing loss was job related until sometime after September of 1988 when he received a letter from his union advising him of the possibility of work related hearing loss.

Southern Pacific argues that the plaintiff cannot create a disputed fact by contradicting his prior deposition testimony with an affidavit. In *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572 (2d Cir.1969) the Second Circuit noted:

> [i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

*Id.* at 578. *See also Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 542 (9th Cir.1975), *citing Singer*. This approach follows general wisdom that a deposition is more reliable than an affidavit.

> As a general proposition, a deposition is mote reliable than an affidavit. Although an affidavit must contain evidentiary materials and be under oath, the affiant is not subject to cross-examination. The deposition, on the other hand, not only contains evidentiary materials taken under oath, but the deponent is subjected to cross-examination.

6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* § 56.11[4] at 56-139 (1988) (footnote omitted). Although a deposition may be more reliable than an affidavit, it does not mean that the affidavit may be ignored, especially if the affidavit explains the apparent inconsistency.

In this case, the plaintiff attempts to explain the apparent inconsistency between his deposition and his affidavit. Although plaintiff stated in his deposition that he attributed his hearing loss to his work, he explains that in his deposition he was indicating the cause to which he now attributes

his hearing loss not to which he previously attributed his hearing loss. He contends, "[m]y statement in my deposition was not a statement of what my thinking was in 1980 or 1981, but rather was only a statement of what my thinking was at the time of my deposition." Affidavit of Robert A. Van Zweden at 5. This is not an uncommon explanation. Many people when recounting an event will mix past and present verb tenses. When this occurs, it may be difficult to determine to what period the speaker is referring. With this in mind, the plaintiff's explanation as to the apparent inconsistencies between his deposition and his affidavit seem plausible enough to raise a genuine issue of material fact as to when the plaintiff became aware of the alleged cause of his hearing loss. Moreover, there is no other evidence that proves as a matter of law that plaintiff should reasonably have become aware of the cause of his injury before April 14, 1986. Because there is an issue of fact yet to be resolved, the defendant's motion for summary judgment must be, and is, denied. The motion may be renewed if, and when, facts are discovered that would clarify the date the cause of action accrued.