Bruce Robert **LIPSTEUER** Appellant,

v.

**CSX TRANSPORTATION, INC.** Appellee.

No. 1998–SC–1132–DG.

Supreme Court of Kentucky.

Dec. 21, 2000.

Rehearing Denied March 22, 2001.

---

21. *Supra* note 20 at 467.

22. *Id.*

Robert Arledge, Schwartz & Associates, PA, Jackson, MS, James W. Owens, Donald R. Green, Jr, Paducah, for Appellant.

David T. Klapheke, Edward H. Stopher, Boehl, Stopher & Graves, Louisville, for Appellee.

STUMBO, Justice.

Appellant, Bruce Lipsteuer, filed this action under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51–60, to recover monetary damages for injuries allegedly suffered as a result of exposure to toxic chemicals during his employment with CSX Transportation, Inc. (CSX). We have two issues before us. First, whether a post-deposition affidavit may be submitted to explain prior deposition testimony and, second, if the affidavit is accepted, whether the Appellant brought his claim within the applicable statute of limitations.

## FACTS

From 1980 to 1994, Appellant was employed as a pipefitter for CSX in both Florida and Corbin, Kentucky. During this time, he was exposed to chemical solvents. Although he began experiencing health problems as early as 1992, Appellant contends that he did not become aware of the existence of a causal connection between his medical condition and his exposure to chemical toxins at work until October 1993 when he discovered some of his co-workers were being treated for similar symptoms.

Shortly thereafter, in 1993, Appellant filed a Federal Employers' Liability Act (FELA) suit in Georgia. Although discovery was obtained and depositions were taken, Appellant voluntarily dismissed his Georgia civil suit, without prejudice, in September 1996, nearly three years after filing the complaint. On September 12, 1996, Appellant filed this identical suit in Jefferson County, Kentucky.

In January 1997, CSX moved for summary judgment on the basis that pre-trial discovery and deposition testimony obtained in the Georgia suit proved conclusively that Appellant knew or should have known he had a cause of action in 1992,

and therefore the cause of action was barred by the three year statute of limitations. FELA specifically provides that "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." 45 U.S.C § 56. In response to the motion for summary judgment, Appellant submitted an affidavit in which he attempted to explain some of the answers he gave during his deposition. He asserted that it was not until October 1993 that he learned his health problems might have been the result of exposure to chemicals while employed by CSX. Further, he explained he "did not intend his answers [given during his deposition in April 1995] to be interpreted as meaning that he knew in 1992 that his [health] problems were related to his chemical exposures while employed by CSX." Instead, he was "simply informing defense counsel that in hindsight, based upon information which he possessed as of April 1995, he felt the problems he was having in 1992 were a result of his exposure to chemicals." Aff. of Bruce Robert Lipsteuer at 3.

The trial court granted Appellee's motion for summary judgment. In its order, the trial court did not refer to or mention Appellant's sworn affidavit, even though the affidavit was filed as an attachment to the Motion in Opposition of Summary Judgment. Therefore, it is not clear whether the trial court considered the affidavit in deciding to grant summary judgment. Lipsteuer appealed to the Court of Appeals, claiming that the trial court erred in granting summary judgment because Appellant's sworn affidavit created a genuine issue of material fact. The Court of Appeals considered the affidavit, but were "not persuaded." In an opinion affirming the decision of the circuit court, the Court of Appeals held "Appellant's sworn testimony indicates that he knew the nature and existence of, as well as the probable origin of, his illness in 1992," and, therefore, summary judgment was proper, as his complaint was filed outside of the statute of limitations. *Lipsteuer v. CSX Transp., Inc.*, Ky.App., No. 97–CA–001357–MR (1998).

## I.

The first question presented to us on appeal is whether a post-deposition affidavit may be submitted to explain deposition testimony, thereby creating a genuine issue of material fact, and thus precluding summary judgment. The Appellee urges us to use the less restrictive federal summary judgment rule to decide this issue. However, we believe summary judgment is a procedural issue, and therefore should be examined under the law of the state where the action was brought. Under the Kentucky summary judgment standard, we find that a post-deposition affidavit may be admitted to explain deposition testimony.

This Court has repeatedly admonished that summary judgment "is to be cautiously applied." *Steelvest v. Scansteel Service Center, Inc. et al.*, Ky., 807 S.W.2d 476, 480 (1991). CR 56.03, the Kentucky rule on summary judgments, states:

> The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

While CR 56.03 does not specifically prohibit a party from submitting an affidavit to clarify earlier discovery answers, the rule does not specifically authorize such affidavits either. This is simply an issue that has yet to be addressed by the Kentucky courts.

Since this is a case of first impression in the Commonwealth, we look to courts of other jurisdictions for guidance. The case we find most persuasive and analogous to this situation is *Van Zweden v. Southern Pacific Transportation Co.*, 741 F.Supp.

209 (D.Utah 1990). In that case, like the one before us now, the plaintiff filed a FELA action and the defendant moved for summary judgment. Just as in the case at bar, the defendant contended that the action was barred by the statute of limitations. *Id.* at 209. In response, the plaintiff filed an affidavit which attempted to explain his earlier testimony. The defendant "argue[d] that the plaintiff cannot create a disputed fact by contradicting his prior deposition testimony with an affidavit." *Id.* at 211.

The court noted that while "[a]s a general proposition, a deposition is more reliable than an affidavit," this "does not mean that the affidavit may be ignored, especially if the affidavit explains the apparent inconsistency." *Id.* This argument, while extremely persuasive, is not the sole reason why we agree with the decision in that case. What we find even more persuasive is the federal court's language regarding why inconsistencies may need to be explained: "[m]any people when recounting an event will mix past and present verb tenses. When this occurs, it may be difficult to determine to what period the speaker is referring." *Id.* at 212.

Appellant in the case at bar, similarly to the plaintiff in *Van Zweden,* sought to resolve any apparent inconsistencies between his deposition and his affidavit. His affidavit explained that his deposition answers were predicated upon, and with the benefit of, the information he possessed at the time he was deposed in March 1997. This is the exact type of inconsistency addressed by the *Van Zweden* court. We disagree with Appellee's contention that the affidavit was a "self-serving manufactured affidavit." Appellant's post-deposition, sworn affidavit did not attempt to create a genuine issue of material fact by simply contradicting his earlier testimony. Rather, it was merely an attempt to explain the inconsistencies.

When ruling upon a motion for summary judgment, "[t]he record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest,* 807 S.W.2d at 480. A trial court should be granted the opportunity to review all the evidence, instead of basing its decision on what appears to be clear and unequivocal testimony, but which is really incomplete and misleading. When such an affidavit is submitted which attempts to resolve these inconsistencies, summary judgment is precluded, as a genuine issue of material fact exists. "[Summary] judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Id.*

Today's decision is not meant to limit the principle that an affidavit which merely contradicts earlier testimony cannot be submitted for the purpose of attempting to create a genuine issue of material fact. Obviously, if such practice were allowed, the use of summary judgment would be even more severely curtailed. While we have repeatedly stated that the use of summary judgment should be "cautiously applied" and should not "cut litigants off from their right of trial if they have issues to try," it is still a useful device "designed to expedite the disposition of cases and avoid unnecessary trials when no genuine issues of material fact are raised." *Steelvest,* 807 S.W.2d at 480. We continue to stand by the principle announced in the benchmark case of *Paintsville Hospital v. Rose,* Ky., 683 S.W.2d 255 (1985). In those cases where there is no genuine issue of material fact, summary judgment should be granted.

## II.

After finding the affidavit sufficiently raised a genuine issue of material fact, we next turn to the issue of the statute of limitations. We are to use the FELA three-year limitations period, as opposed to the Kentucky statute of limitations, since statute of limitations issues are substantive rather than procedural. *Chesapeake & Ohio Railway Co. v. Miles,* Ky., 249 S.W.2d 160, 161 (1952). Unlike the previous issue, a definitive standard for statute of limitations issues has been artic-

ulated by a long stream of cases in the federal courts, starting with *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949).

In *Urie,* the United States Supreme Court developed the "discovery" rule, holding that a cause of action for a FELA claim accrues when the injury manifests itself. *Id.* at 170, 69 S.Ct. 1018. The rule has been further modified to hold that a cause of action accrues when a plaintiff knows or, in the exercise of reasonable diligence, should know of both the injury and its cause. *United States v. Kubrick,* 444 U.S. 111, 122–23, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *Aparicio v. Norfolk & Western Railway,* 84 F.3d 803, 814 (6th Cir.1996); *Fries v. Chicago & Northwestern Transp. Co.,* 909 F.2d 1092, 1095–96 (7th Cir.1990).

Applying this test to the instant case, it needs to be determined when Appellant was put on notice about the cause of his injury, and if that notice was within the statute of limitations. The first is a question of fact and should therefore be answered by a jury. *Lynn Mining Co. v. Kelly,* Ky., 394 S.W.2d 755, 759 (1965). The latter, however, is a question of law. Appellant filed his action on September 12, 1996. Applying the three year statute of limitations, the court cannot entertain Appellant's claim if his action accrued before September 12, 1993. If the jury determines Appellant was not aware of the causal connection between his injuries and his workplace until October 1993, we find that his action was brought in a timely fashion. If, however, the jury determines Appellant was put on notice before September 12, 1993, the case must be dismissed based on the statute of limitations.

We hold that a reasonable jury could find that Appellant did not become aware of both his injury *and* its cause until October 1993 when his doctor informed him that it could be work-related. This question should be submitted to the jury on remand.

Accordingly, we reverse the Court of Appeals and remand this case to the Jefferson Circuit Court for proceedings consistent with this opinion.

LAMBERT, C.J.; and KELLER, J., concur.

WINTERSHEIMER, J., concurs in result only.

COOPER, J., concurs by separate opinion, with GRAVES and JOHNSTONE, JJ., joining that opinion.

COOPER, Justice, concurring.

I concur in the result reached by the majority. However, as stated in my dissent in *Pan–American Life Ins. Co. v. Roethke,* Ky., 30 S.W.3d 128 (2000), that case effectively deleted from our jurisprudence that aspect of Civil Rule 56.03 which formerly permitted the entry of a summary judgment premised upon the nonexistence of a genuine issue of material fact. In my view, *Roethke* essentially mooted the issue addressed in the majority opinion in this case, *i.e.,* whether a party can "testify himself out of court."

GRAVES and JOHNSTONE, JJ., join this concurring opinion.