Larry ZAPP, Appellant,

v.

CSX TRANSPORTATION, INC., Appellee.

No. 2008–CA–001362–MR.

Court of Appeals of Kentucky.

Sept. 25, 2009.

Derek Humfleet, Lexington, KY, for appellant.

Linsey W. West, Kara M. Stewart, Lexington, KY, for appellee.

Before SARA WALTER COMBS, Chief Judge; NICKELL and TAYLOR, Judges.

## OPINION

TAYLOR, Judge.

Larry Zapp brings this appeal from a June 18, 2008, Order of the Jefferson Circuit Court which granted a motion for directed verdict by CSX Transportation, Inc. (CSX) and dismissed Zapp's claim under the Federal Employers' Liability Act as barred by the statute of limitations.[1] We reverse and remand.

Zapp is a gentleman in his early seventies who had worked for various railroads for over thirty years. He retired from a position with CSX in December 2000. More than two years later, in 2003, Zapp was diagnosed with bilateral carpal tunnel syndrome.

On December 18, 2003, Zapp filed a complaint against CSX in the Jefferson Circuit Court. He alleged that CSX failed to provide a "reasonably safe place to work" in violation of the Federal Employers' Liability Act (FELA), thus causing him to suffer a work-related injury, bilateral carpal tunnel syndrome.[2] A jury trial ensued. After the close of Zapp's evidence, CSX moved for a directed verdict based upon the three-year statute of limitations set forth in FELA. In a June 18, 2008, order, the circuit court granted CSX's motion for directed verdict. The court concluded that Zapp's FELA claim

1. Federal Employers' Liability Act is codified at 45 U.S.C. §§ 51–60 (2006).

2. Federal and state courts have concurrent jurisdiction over claims arising under the Federal Employers' Liability Act, 45 U.S.C. § 56 (2006).

was untimely filed and dismissed the action. This appeal follows.

Zapp contends that the circuit court erred by rendering a directed verdict dismissing his FELA claim based upon the statute of limitations. For the reasons hereinafter elucidated, we agree.

A directed verdict is proper if a reasonable person could only conclude that movant was entitled to a verdict.[3] Kentucky Rules of Civil Procedure 50.01; *Lee v. Tucker,* 365 S.W.2d 849 (Ky.1963). When reviewing a motion for directed verdict, the court must view the evidence and all reasonable inferences therefrom in a light most favorable to the nonmoving party. *Id.*

In our case, the circuit court granted a directed verdict to CSX after concluding that Zapp's FELA claim was untimely filed. FELA provides for a three-year statute of limitations—"[n]o action shall be maintained ... unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56 (2006). A cause of action under FELA is said to accrue "when a plaintiff knows or, in the exercise of reasonable diligence, should know of both the injury and its cause." *Lipsteuer v. CSX Transp., Inc.,* 37 S.W.3d 732, 737 (Ky.2000)(citing *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *Aparicio v. Norfolk & Western Ry.,* 84 F.3d 803 (6th Cir.1996); *Fries v. Chicago & Northwestern Transp. Co.,* 909 F.2d 1092 (7th Cir. 1990)); *see also, Heizer v. Cincinnati, New Orleans and Pacific Ry. Co.,* 172 S.W.3d 796 (Ky.App.2004). Thus, under FELA, the three-year statute of limitations is triggered or the cause of action accrues when a claimant knows or reason-

ably should have known of both the injury and its cause. And, the issue of when the statute of limitations is triggered or the cause accrues normally presents a question of fact for the jury. *Lipsteuer,* 37 S.W.3d 732. Once this question of fact is determined (the accrual date), the ultimate issue of whether the action was timely filed then becomes a question of law for the court. *Id.*

In the case *sub judice,* the circuit court rendered a directed verdict after concluding that Zapp's testimony at trial constituted a judicial admission. Zapp's testimony was particularly outlined by the circuit court in its June 18, 2008, order:

[CSX Counsel]: When you first began to notice problems with your hands and your numbness and your tingling that was something you noticed at work when you gripped the throttle, correct?

[Zapp]: The brakes and the throttle.

[CSX Counsel]: Brakes and throttle would cause you numbness and tingling at work, correct?

[Zapp]: Occasionally.

[CSX Counsel]: And that was probably back in 1997, correct?

[Zapp]: Yes, sir.

[CSX Counsel]: And it got worse as time moved along, correct?

[Zapp]: Yes, sir.

[CSX Counsel]: And by 1999 when you were working for CSX it had become constant, hadn't it?

[Zapp]: It became constant to where (inaudible).

[CSX Counsel]: In 1999 when you were working with CSX the numbness and tingling that you would notice when

---

**3.** We point out that a directed verdict is a procedural device, thus mandating use of the

Kentucky Rules of Civil Procedure.

you gripped the brakes and the throttle became constant, correct?

[Zapp]: Yes, sir.

[CSX Counsel]: It did? Become constant?

[Zapp]: Yes.

[CSX Counsel]: And that numbness and tingling was made worse by doing things at work like gripping the brakes and the throttle, correct?

[Zapp]: Yes, sir.

[CSX Counsel]: So you knew in 1999 that you had problems—numbness and tingling—being made worse by your work at the railroad, correct?

[Zapp]: Yes, sir.

(Re-direct by [Zapp's] counsel . . .)

[Zapp Counsel]: Mr. Zapp, as far as the dates that were discussed up there, you're giving us your best shot but you didn't study up for a test on dates today, did you?

[Zapp]: At my age, you can't remember.

[Zapp Counsel]: Okay, so these are all approximations on your part as far as whether it's 1997 or 1999 and that sort of thing?

[Zapp]: Yes.

[Zapp Counsel]: How certain are you of this 1997 date?

[Zapp]: I'm not certain on any of the dates.

[Zapp Counsel]: Okay. How certain are you that your symptoms became more problematic after you started working at CSX?

[Zapp]: I went out and bought these. (Indicating wrist braces on witness stand.)

[Zapp Counsel]: Had you at that point. . . . In 1999 and 2000 did you know that you had an injury called carpal tunnel syndrome?

[Zapp]: I didn't know what carpel tunnel was.

[Zapp Counsel]: And when was the first time that you learned you had carpel tunnel syndrome?

[Zapp]: That I had carpel tunnel syndrome is when I went to that doctor in St. Louis.

[Zapp Counsel]: Is that Dr. Hanaway?

[Zapp]: Yes, sir.

[Zapp Counsel]: And did you see him in 2003?

[Zapp]: I believe that was the date.

[Zapp Counsel]: Okay

(Re-cross by [CSX])

[CSX Counsel]: Mr. Zapp, I'm not trying to hold you to exact dates either. That's why I said the whole year 1999 and I think you just answered [Zapp's Counsel] question. The reason you went out and bought these things in 1999 when you were working for CSX—when you went to work for CSX in 1999—was because the gripping of the throttle and the repetitive work at CSX was making your hands hurt and giving you numbness and tingling, correct?

[Zapp]: Right.

[CSX Counsel]: And we're not working on an exact date but that was in 1999 with CSX, correct?

[Zapp]: When I got the constant. . . .

[CSX Counsel]: Yes, sir.

[Zapp]: Yes, sir.

[CSX Counsel]: When you began to have constant problems.

[Zapp]: Yes, sir.

[CSX Counsel]: That was in 1999.

[Zapp]: Yes, sir.

From Zapp's above testimony, the circuit court concluded that Zapp "knew, at least as early as 1999, that he had hand problems that were brought about at

work" and that "this testimony ... [constituted] a judicial admission." Relying upon Zapp's testimony and, more particularly, the "judicial admission," the circuit court then found that Zapp "knew or should have known by 1999 that he had a potential work-related claim." As Zapp filed his FELA claim on December 18, 2003, the circuit court concluded that Zapp's claim was filed outside the three-year statute of limitations period. After reviewing the videotaped trial proceedings and the June 18, 2008, order, we believe the circuit court erred by deeming Zapp's testimony a judicial admission and by usurping the prerogative of the jury to decide a disputed issue of fact—when the statute of limitations was triggered.

■ A judicial admission is a formal statement concerning a disputed fact, made by a party during a judicial proceeding, that is adverse to that party, and that is deliberate, clear, and uncontradicted. *Sutherland v. Davis*, 286 Ky. 743, 151 S.W.2d 1021 (1941); *Reece v. Dixie Warehouse and Cartage Co.*, 188 S.W.3d 440 (Ky.App.2006); *see also* 32A C.J.S. *Evidence* § 1649 (2009). A judicial admission is conclusive as to that fact and has the effect of removing the fact from "the field of [a] disputed [factual] issue." *Sutherland*, 151 S.W.2d at 1024. As a consequence, the judge is required "to direct the jury to accept the [judicial] admission as conclusive of the disputed fact." *Id.* This concept is more thoroughly explained as follows:

> A party is bound and concluded by his or her own uncontradicted testimony, whether elicited on direct or cross-examination. Ordinarily, uncontradicted testimony remains subject to the scrutiny of the trier of fact as to its credibility and may be rejected by them where it is not believed. However, this rule does not apply to uncontradicted testimony

by a party adverse to his or her interest; his or her adversary is entitled to hold the testifying party to the testimony given and to demand a verdict or finding accordingly as a matter of law. (Footnotes omitted.)

32A C.J.S. *Evidence* § 1651 (2009). We review *de novo* a circuit court's decision upon a judicial admission. *See Sutherland*, 286 Ky. 743, 151 S.W.2d 1021; *Reece*, 188 S.W.3d 440.

■ In this case, Zapp's testimony did not constitute a judicial admission upon the disputed factual issue of when the statute of limitations was triggered under FELA. According to Zapp's testimony, he experienced numbness and tingling in his hands while gripping the brake and throttle, and he also testified that these work activities caused his symptoms to worsen as early as 1999.

Thus, in 1999, it may be stated that Zapp knew or should have known that he suffered from a hand injury. However, FELA's three-year statute of limitations is only triggered when the claimant knows or reasonably should have known not only of an injury by also of its cause. Zapp never testified that he knew that work was the cause of his hand injury in 1999. In fact, it was Zapp's clear testimony that he did not know the cause of his hand injury in 1999.

Despite Zapp's clear testimony, the circuit court found that Zapp "knew or should have known by 1999 that he had a potential work-related claim." From Zapp's testimony that his hand symptoms worsened while working in 1999, the circuit court erroneously inferred that Zapp knew or should have known that his hand injury was caused by work duties in 1999. However, the circuit court was bound to resolve all inferences from the evidence in a light most favorable to the nonmoving party (or Zapp) before rendering a directed verdict.

A reasonable juror may well have inferred from the evidence that Zapp did not know or should not have known of the work-related cause of his hand injury in 1999.

In sum, the circuit court impermissibly invaded the province of the jury to decide a disputed factual issue—when Zapp knew or should have known of the work-related cause of his hand injury. Accordingly, we are of the opinion that the circuit court improperly dismissed Zapp's FELA claim by rendering a directed verdict.

For the foregoing reasons, the Order of the Jefferson Circuit Court is reversed and this case is remanded for proceedings consistent with this opinion.

ALL CONCUR.