

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00341-CV
_____

CHARLES GRIFFIN CUSTOM READY-BUILT HOMES, INC., APPELLANT

V.

BRANDON DIERINGER AND LAURA DIERINGER, APPELLEES

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2014-511,371; Honorable Les Hatch, Presiding

May 29, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This appeal arises from a dispute between Appellant, Charles Griffin Custom Ready-Built Homes, Inc. (hereinafter "Griffin"), and Appellees, Brandon Dieringer and Laura Dieringer, concerning a contract whereby Griffin agreed to construct and deliver to the Dieringers a ready-built home. Griffin originally filed suit alleging the Dieringers failed to pay certain contractual sums due and owing and the Dieringers asserted counterclaims for breach of contract and for claims under the Texas Deceptive Trade Practices Act

based on negligent misrepresentation, breach of an implied warranty of habitability, and breach of an implied warranty of good and workmanlike construction. Following a bench trial, the trial court entered a judgment in favor of Griffin for $45,759.21.

Asserting two issues, Griffin maintains the trial court erred by not awarding it recovery of (1) its reasonable and necessary attorney's fees and (2) an "occupancy fee" specified in the contract. By a cross-appeal, the Dieringers contend they were the "prevailing party" and the trial court erred in not awarding them recovery of attorney's fees and costs. We affirm.

BACKGROUND

The Dieringers contracted with Griffin to purchase a custom, ready-built home that would be partially constructed at Griffin's site in Lubbock County and then transported to the Dieringers property in Glasscock County, Texas. The contract provided, in relevant part, that the Dieringers would "close" on the agreement within ten days after the house was completed on location and that they would not move into the house until the balance was paid in full. The contract also provided that the Dieringers would pay Griffin $40.00 per day for any period of occupancy prior to final payment. The contract further provided that in the event of non-payment, Griffin would be entitled to recovery of interest at the rate of 12 percent on any amounts owed, together with reimbursement of "any legal expenses needed to enforce payment of the contract in full after ten days."

Work on the home at Griffin's site was completed in November 2013. At the time, the Dieringers performed a walk-through of the home and tendered the progress payment due on "completion on the Seller's site." The home was then delivered and assembly of the two pre-constructed pieces began on approximately November 22, 2013.

2

Subsequent to assembly of the home, Griffin subcontractors made numerous trips to the property to complete the construction of porches and final touch-up work. When the work was finally complete, Lyndall Hurst, Griffin's owner, met with the Dieringers and agreed on the final amount owed. Subsequent to that agreement, the Dieringers moved into the home but did not make the final payment. Griffin filed suit for breach of contract on May 9, 2014, and the Dieringers subsequently filed their counterclaims. The cause proceeded to a bench trial on May 9, 2016.

Hurst testified at trial that there were no structural, foundational, or non-cosmetic defects in the home, and he claimed that all work and services Griffin agreed to provide had been completely performed. Specifically, he testified that he had fixed everything the Dieringers had brought to his attention and he was unaware of any additional concerns or problems. In contrast, the Dieringers maintained that there were additional items that needed repair, including roof repairs, rebricking, door repairs, texture and paint repairs, and carpet repairs. They also maintained that certain final inspections were lacking. Upon closing, the Dieringers nonsuited their causes of action against Griffin for negligent misrepresentation and for all claims under the Texas Deceptive Trade Practices Act.

On July 1, 2016, the trial court entered judgment that Griffin recover from the Dieringers the sum of $45,759.21. Both parties subsequently requested findings of fact and conclusions of law. In its *Findings of Fact and Conclusions of Law*, the trial court found that both parties had breached the contract and, as such, neither party was a "prevailing party" for purposes of an award of attorney's fees. The trial court further concluded that Griffin's breach was not material, that it had substantially performed the

terms of the contract, and that it was entitled to a judgment in the sum of $45,759.27,[1] after all offsets, payments, and credits. The trial court also found that Griffin was not entitled to recover the contractually agreed-upon occupancy fees because the Dieringers were excused from performance by Griffin's demand for payment in full without credit for reasonable and necessary repairs.

On appeal, Griffin contends the trial court erred in not awarding it recovery of contractual occupancy fees, its reasonable and necessary attorney's fees, and costs. By way of cross-appeal, the Dieringers contend the trial court erred by entering a judgment in favor of Griffin because it never pled nor proved a claim based on substantial performance and the issue was not tried by consent. Alternatively, the Dieringers contend the evidence is legally and factually insufficient to establish the required elements of substantial performance.

SUBSTANTIAL PERFORMANCE

When a contractor has substantially performed a building contract, he is entitled to recover the full contract price less the cost of remedying non-material defects that are remedial. *Vance v. My Apartment Steak House,* 677 S.W.2d 480, 481 (Tex. 1984) (citing *Atkinson v. Jackson Bros.*, 270 S.W. 848, 850 (Tex. Comm'n App. 1925)). In those instances where a contract has not been fully performed, substantial performance is regarded as a condition precedent to the right to sue on that contract. *Atkinson*, 270 S.W.

---

[1] In its *Findings of Fact and Conclusions of Law*, the trial court concluded that the amount owed to Griffin by the Dieringers is the contract amount of $384,308.69 (including overages), minus $75,784.26 incurred by the Dieringers for reasonable and necessary repairs, minus the cost of the angle iron of $383.16, minus payments made of $279,801.00, for a total of $28,340.27. The Dieringers also owe Griffin sales tax it paid the State in the amount of $7,525.86 for a total of $35,866.13 and contracted interest of 12 percent on that amount from March 4, 2014 to date of judgment in the amount of $9,893.14, for a grand total of $45,759.27. The trial court further acknowledged that there was a $.06 difference between its findings and the actual judgment award of $45,759.21. We consider this discrepancy to be *de minimus* for purposes of any reformation.

at 850; *RAJ Partners, Ltd. v. Darco Constr. Corp.,* 217 S.W.3d 638, 643 (Tex. App.—Amarillo 2006, no pet.); *Carr v. Norstok Bldg. Systems, Inc.*, 767 S.W.2d 936, 940 (Tex. App.—Beaumont 1986, no writ). Usually, the doctrine of substantial performance comes into play when both parties to a construction contract are alleged to have breached the contract in question—the contractor with respect to minor (non-material) defects, and the owner with respect to final payment of sums due.

In *Vance*, the Texas Supreme Court acknowledged *Atkinson* as correctly stating that "the doctrine of substantial performance is an equitable doctrine that was adopted to allow a contractor who has substantially completed a construction contract to sue on the contract rather than being relegated to his cause of action for quantum meruit." *Vance*, 677 S.W.2d at 482. By definition, this doctrine recognizes that the contractor has not totally fulfilled his obligations under the construction contract and is, therefore, technically in breach of contract. *Id.* In such cases, to allow for this lack of full performance, "the amount recoverable by the contractor is the contract price, less the reasonable cost of remedying the defects or omissions in such a way as to make the building conform to the contract." *Id.* (quoting *Atkinson*, 270 S.W. at 851). It is the burden of the contractor to plead and prove his entitlement to recovery under a theory of substantial performance. *Carr*, 767 S.W.2d at 940.

ANALYSIS

Here, the Dieringers contend the theory of substantial performance was neither supported by Griffin's pleadings nor tried by consent. We disagree. As previously stated, substantial performance is considered to be a condition precedent to the right to bring suit on a construction contract. Therefore, Griffin's breach of contract pleadings supports its claim whether based upon substantial compliance or complete performance.

5

Furthermore, when issues not raised by the pleadings are tried by consent (either express or implied) they are to be treated in all respects as if they had been raised in the pleadings. *See* TEX. R. CIV. P. 67. An issue is tried by consent if the presentation of evidence puts the parties on notice that recovery under the unpled theory is conceivable, and the other party fails to make an appropriate complaint. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).

Here, a significant portion of the evidence presented centered around the nature and degree of Griffin's alleged non-performance and the reasonable cost of remediating those deficiencies. Lyndall Hurst, Griffin's President, testified in detail concerning the initial construction, approval, transportation, installation, repair, and final approval of the residence. In addition, both Brandon and Laura Dieringer testified to the long list of deficiencies identified and, with the assistance of their expert witnesses, to the reasonable cost of their remediation. Based on the amount of time spent and testimony received on those questions, we cannot say the trial court abused its discretion in finding that the theory of substantial performance was tried by consent.

As to the Dieringers' sufficiency of the evidence claims regarding substantial performance, the standards of review are well settled, and we refer the parties to *Raw Hide Oil & Gas, Inc. v. Maxus Expl. Co.,* 766 S.W.2d 264, 275-276 (Tex. App.—Amarillo 1988, writ denied), for further discussion of those standards. The Dieringers place significant reliance on their contention that Griffin failed to meet its burden of proof because they—not Griffin—presented evidence of the remedial costs of Griffin's contract performance deficiencies. This argument simply does not "hold water." Unless otherwise specifically admitted for a singular purpose, evidence admitted at trial is admitted for all purposes and it does not matter whether Griffin or the Dieringers presented that evidence.

As referenced above, the principal parties each testified in detail (via both direct and cross-examination) concerning the contract deficiencies and the reasonable cost of remediation. Thirty-eight photographs were admitted showing the nature and extent of many of the deficiencies. Expert testimony was offered by both sides and invoices were admitted concerning the cost of remediation. Based on the appropriate standards of review, the judgment of the trial court concerning substantial performance was supported by legally and factually sufficient evidence. Appellees' cross-issues concerning specific performance are overruled.

ATTORNEY'S FEES AND COSTS

Both parties contend that they are entitled to the recovery of their reasonable and necessary attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code, as a "prevailing party" on their respective contract claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2015). In order to recover attorney's fees under section 38.001, a litigant must (1) prevail on a cause of action for which attorney's fees are recoverable and (2) recover damages. *Expelled Grain Prods., LLC v. Corn Mill Enters., LLC,* No. 07-14-00398-CV, 2016 Tex. App. LEXIS 9002, at *26 (Tex. App.—Amarillo Aug.17, 2016, pet. denied) (citing *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 666 (Tex. 2009)). Where attorney's fees are proper under section 38.001, the trial court has no discretion to deny them, provided, however, the party seeking to recover attorney's fees still has the burden of proving the amount and reasonableness of those fees. *Smith v. Patrick W.Y. Tam Trust,* 296 S.W.3d 545, 547 (Tex. 2009); *Expelled Grain*, 2016 Tex. App. LEXIS 9002, at *27.

Here, neither Griffin nor the Dieringers prevailed on their contract cause of action. Griffin did not establish complete performance—entitling it to recover the full contract

price, and the Dieringers did not establish a material breach—entitling them to repudiate the contract and withhold final payment. In fact, the trial court specifically found that, under the facts and circumstances of this case, neither party was a "prevailing party." Because that finding is supported by substantial evidence, we will not disturb it, and because neither side was determined to be a "prevailing party," the trial court did not err in denying either party the recovery of attorneys' fees. Accordingly, we overrule Griffin's first issue and the Dieringers' cross-issue.

OCCUPANCY FEES

The construction contract in issue provided the Dieringers would not occupy the residence until the contract balance was paid in full. It further provided that in the event of "unusual circumstances," Griffin could give the Dieringers "specific permission" to occupy the residence in exchange for an agreement to pay Griffin "$40.00 per day for occupancy prior to final payment." In its *Findings of Fact and Conclusions of Law*, the trial court found that Griffin was not entitled to recover the contractually agreed-upon occupancy fees because the Dieringers were excused from performance by Griffin's demand for payment in full without credit for reasonable and necessary repairs.

As stated above, the trial court granted Griffin recovery based upon the equitable theory of substantial performance—not strict contractual performance. Because the trial court found that Griffin did not fully perform all its obligations under the contract, it did not err in finding that the occupancy fee provision was never triggered and that the Dieringers were excused from the strict contractual obligation to pay that fee. In any event, the trial court's decision does not work an injustice to Griffin because the judgment incorporates prejudgment interest based upon the actual sums found to be due, from March 4, 2014

8

to date of judgment, in the amount of $9,893.14.  Accordingly, Griffin's second issue is overruled.

CONCLUSION

The judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Quinn, C.J., concurring in the result of issue one and joining in the remainder of the issues.