Dora BLEVINS et al., D/B/A Bartley & Blevins Coal Company, Appellants,

v.

Charlie JOHNSON et al., Appellees.

Court of Appeals of Kentucky.

Feb. 3, 1961.

Baird & Hays, Pikeville, for appellants

Fred B. Redwine, Dan Jack Combs, Pikeville, for appellees.

MILLIKEN, Judge.

After making a claim for Workmen's Compensation for disability caused by silicosis and discovering his employer had not accepted the Act in that respect, Charlie Johnson, a coal miner approximately sixty years of age, filed a common law action in the Pike Circuit Court in June, 1956, to recover damages (measured by the Workmen's Compensation Act) for disability caused by silicosis allegedly incurred while employed by the appellants. The action was based upon a contract between the appellants and the United Mine Workers of which Johnson was a member, and which contract required the appellants, as employers, to protect their employee by accepting the provisions of the Workmen's Compensation Act. The action was dismissed on October 22, 1956, after a settlement was agreed upon, and Johnson resumed his work with the appellants until October 16, 1957, having filed his application for compensation before the Workmen's Compensation Board in August, 1957, after his employers, the appellants, had accepted the provisions of the Workmen's Compensation Act for silicosis. The Workmen's Compensation Board dismissed Johnson's claim on the ground that he was estopped by his agreed settlement filed in his common law action in the Pike Circuit Court. The present appeal is from a judgment of the Pike Circuit Court in May, 1959, which remanded the case to the Workmen's Compensation Board for further orders.

In his application for compensation before the Workmen's Compensation Board in August, 1957, Johnson alleged that he was injured by incurring silicosis on the 15th day of June, 1957, while employed by the appellants. This admittedly was essentially the same silicosis he had sought recovery for in his common law action in 1956 and which action he dismissed as settled in October of that year. His physician had told him in 1955 that he had silicosis and should not continue working in dusty conditions, but Johnson apparently wanted to continue to work for approximately a year more in order to qualify for a pension from the United Mine Workers when he reached sixty years of age.

The "Agreement and Release" filed in the common law action by Johnson and his employers specifically released the employers "for all liability * * * they may have by reason of claim or claims for silicosis previously sued for in Pike Circuit Court, and it is further agreed the party of the first part (Johnson) does waive and absolve party of the second part (employers) from all claims, responsibility or liability whatsoever by reason of any act or acts or employment entered into with party of second part on any and all dates prior to and leading up to September 15, 1956, and party of the first part does agree to and does sign an order of dismissal of the said case or cases pending in Pike Circuit Court, and agrees that he has no claim against party of second part whatsoever, and that whatever claim for silicosis he may have had is herewith settled in full to the full satisfaction of party of the first part." This instrument was executed by Johnson "in consideration of $1.00 in cash paid in hand, and other good and valuable consideration." (As to the varied views on the legal effects of Dismissal Pursuant to Agreement, see 17 Am.Jur., Dismissal, etc., Sec. 97, page 167; 27 C.J.S. Dismissal and Nonsuit § 9, p. 329 et seq.) It should be noted that the "Agreement and Release" is self-limited to any claims Johnson may have had prior to September 15, 1956.

Had the employer attempted to obtain a release from the employee for any silicosis incurred after September 15, 1956, the employer would clearly have violated KRS 342.050 which precludes any "contract or agreement, written or implied, * * * rule, regulation or other device * * * to relieve any employer * * * of any obligation created by" the Workmen's Compensation Act, for after August 1, 1956, by virtue of a 1956 amendment, the provision requiring a special acceptance of

the Act by the parties for silicosis coverage had been dispensed with and the prior general acceptance of the Act by the parties governed their relationship henceforth. KRS 342.005 and 342.395 (as amended in 1956). The "Agreement and Release", therefore, must be confined in its operation to dates prior to August 1, 1956, the date of effectiveness of the 1956 amendment.

In Osborne Mining Company v. Davidson, Ky.1960, 339 S.W.2d 626, 629, we committed ourselves to the so-called "last exposure" rule rather than the "first occurrence of disability rule" in silicosis cases in harmony with the governing section of our statute, KRS 342.316(3), which declares:

> "The right to compensation under this chapter (KRS 342.316(3)) for disability resulting from an occupational disease shall be forever barred unless a claim is filed with the Workmen's Compensation Board within one year after the last injurious exposure to the occupational hazard or after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, *whichever shall last occur;* and if death results from the occupational disease within said period, unless a claim therefor be filed with the Workmen's Compensation Board within one year after such death; provided, however, that notice of such claim shall be deemed waived in case of disability or death where the employer, or his insurance carrier, voluntarily makes payment therefor, or, if the incurrence of the disease or the death of the employe, and its cause was known to the employer." See, also, Gibson v. Blue Diamond Coal Company, Ky., 342 S.W.2d 698.

■ Since a former judgment between the same parties does not bar a second suit on the same cause of action unless it is rendered on the merits (50 C.

J.S. Judgments § 831, p. 400), the question arises whether the "Agreement and Release" constitutes a judgment on the merits of the same cause of action. In general, a judgment by agreement, consent or compromise bars a subsequent action on the same cause of action (50 C.J.S. Judgments § 630, p. 55). Identity of the subject matter and the parties is not alone a sufficient test for a former judgment to be res judicata of a later action; the true requirement is that the causes of action in the two suits shall be the same. Undoubtedly, the subject matter involved in the two actions must be the same, for otherwise there could not be identity of the causes of action, but the same transaction or state of facts may give rise to distinct or successive causes of action, and a judgment on one will not necessarily bar a suit on another (50 C.J.S. Judgments § 652, p. 96 et seq.).

■ In the case before us, the legal right to Workmen's Compensation did not exist at the time the common law action was filed, so the settlement of the common law action cannot be considered as a bar to the subsequent claim before the Board for workmen's compensation for disability. Nevertheless, since the amount paid in the settlement necessarily reflects the degree of disability attributable at that time to silicosis, because the common law action was pitched on the theory that the employee was entitled to common law damages as measured by the Workmen's Compensation Act, it is our conclusion that both the amount of the settlement and the degree of disability it thus reflects should be credited on whatever amount of disability may be found and whatever award may be made by the Board. To prevent duplication in recovery, res judicata and estoppel have the same aim. 50 C.J.S. Judgments § 593, p. 13.

■ Since Johnson may have had his "last injurious exposure" during the last year of his employment, the Circuit Court correctly remanded the case to the Board for its determination of the extent of his

**378**

disability. His employment "within this state for at least two years before his disability" is required by KRS 342.316(4), which does not require that the two year exposure be in covered employment. In any event, the section should be construed liberally to effectuate the purposes of the Workmen's Compensation Act (KRS 342.-004).

The judgment is affirmed.

MONTGOMERY, J., dissenting.