RENDERED: AUGUST 26, 2010
TO BE PUBLISHED

# Supreme Court of Kentucky

### 2008-SC-000784-DG



EMMETT E. COOMER                                                APPELLANT

V.

ON REVIEW FROM COURT OF APPEALS
CASE NO. 2006-CA-002054-MR
PERRY CIRCUIT COURT NO. 03-CI-00363

CSX TRANSPORTATION, INC.                                APPELLEE

**OPINION OF THE COURT BY JUSTICE SCHRODER**

**<u>REVERSING AND REMANDING</u>**

Appellant Emmett Coomer appeals from a summary judgment in favor of Appellee CSX Transportation, Inc. (CSX) based on the doctrine of *res judicata.* We conclude that a genuine issue of material fact exists as to when Coomer's second cause of action accrued. Therefore, summary judgment was inappropriate on the issue of claim preclusion. We also conclude that Coomer's claim is not barred by issue preclusion. Therefore, we reverse the opinion of the Court of Appeals and remand to Perry Circuit Court.

## I. BACKGROUND

Coomer has worked for CSX for over 20 years in a number of general labor positions, including most recently as a trackman. On October 8, 2001, Coomer filed suit against CSX under the Federal Employers' Liability Act

(FELA)[1] in Jefferson Circuit Court. In his Jefferson Circuit suit, Coomer alleged that he suffered from carpal tunnel syndrome and ulnar neuropathy as a result of repetitive and cumulative occupational trauma to his hands, wrists, and arms. As required for a successful claim under FELA, Coomer alleged that his injuries were the result of CSX's negligence, including failure to provide a reasonably safe workplace, failure to warn of the risks posed by job duties, and failure to properly supervise and enforce safety procedures.

Coomer also suffered from pain in his neck, back, shoulders, and knees. According to Coomer, while his Jefferson Circuit case was pending, he learned for the first time that this pain was connected to his employment with CSX. On October 4, 2002, Dr. Craig Beard, one of Coomer's physicians, wrote a letter stating that Coomer's neck, back, and knee pain was "50% related to his job."

Attorneys for Coomer and CSX discussed the possibility of Coomer amending his Jefferson Circuit complaint to include negligence claims related to his neck, back, shoulder, and knee pain. In a letter to Coomer's counsel dated June 2, 2003, counsel for CSX stated:

> As I indicated, an independent medical exam has already been conducted on your client and any additional [injuries] would necessitate another independent medical exam. Furthermore, the addition of injuries at this point would jeopardize the trial date of July 29, 2003. Accordingly, I maintain my objection to any amendment to the Complaint. Should you and your client wish to pursue a cause of action for any

---

[1] 45 U.S.C. § 51, *et seq.*

injuries in addition to those set forth in your initial Complaint, you will need to file a separate action.

Coomer never filed a motion to amend his Jefferson Circuit complaint.

On June 24, 2003, Coomer filed the instant case—a second FELA action in Perry Circuit Court. The Perry Circuit complaint alleged Coomer suffered from neck, back, shoulder, and knee pain as a result of repetitive and cumulative occupational trauma. The Perry Circuit complaint also alleged that these injuries were a result of negligence by CSX, including failure to provide a reasonably safe workplace, failure to monitor and warn, and failure to take measures to reduce possible trauma.

The Jefferson Circuit Court granted summary judgment in favor of the defendant on July 21, 2003, finding that Coomer had failed to produce any evidence of negligence on the part of CSX.[2] On March 31, 2006, CSX filed a motion for summary judgment in Perry Circuit Court, arguing that the Perry Circuit case was barred by the doctrine of *res judicata* as a result of the disposition of the Jefferson Circuit case.

The Perry Circuit Court granted CSX's motion for summary judgment on May 2, 2006. The court found that Coomer's claims were barred by the doctrine of *res judicata*, and CSX had demonstrated all essential elements of both issue preclusion and claim preclusion. Specifically, the court concluded that the injuries at issue arose out of the same transactional nucleus of facts

---

[2] The Perry Circuit Court stayed proceedings while the Jefferson Circuit case was on appeal. On July 30, 2004, the Court of Appeals affirmed the judgment of the Jefferson Circuit Court.

as in the Jefferson Circuit case, i.e. excessive and harmful repetitive stress and cumulative trauma over the course of Coomer's career at CSX. The court went on to state that "Plaintiff is therefore barred as matter of law, based upon the doctrine of *res judicata*, from splitting his cause of action (and in particular, splitting his damages) between the Jefferson Circuit Court and the Perry Circuit Court."

On motion to vacate summary judgment, the Perry Circuit Court accepted an affidavit from Tyler Kress, Ph.D, a board certified ergonomist. Dr. Kress stated that "the mechanism of injury for back injury for Mr. Coomer is primarily lifting/load-related as opposed to the primary mechanism of injury to his upper extremity, which is use of handtools and vibration."

The Perry Circuit Court ultimately denied Coomer's motion to vacate summary judgment. The Court of Appeals then affirmed the judgment of the Perry Circuit Court. This Court has now granted discretionary review to determine whether Coomer's Perry Circuit claims are barred by the doctrine of *res judicata*.

## II. ANALYSIS

Coomer argues that the Perry Circuit Court erred in granting summary judgment on the issue of *res judicata*, and that the Court of Appeals erred in affirming that ruling. "The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to

4

judgment as a matter of law."[3] "An appellate court need not defer to the trial court's decision on summary judgment and will review the issue *de novo* because only legal questions and no factual findings are involved."[4]

The doctrine of *res judicata* "stands for the principle that once the rights of the parties have been finally determined, litigation should end."[5] It is "an affirmative defense which operates to bar repetitious suits involving the same cause of action."[6] The doctrine is comprised of two subparts: claim preclusion and issue preclusion.[7]

## A. Claim Preclusion and the Rule Against Splitting Causes of Action

For further litigation to be barred by claim preclusion, three elements must be present: (1) identity of the parties, (2) identity of the causes of action, and (3) resolution on the merits.[8] As in most cases involving claim preclusion, the only element in dispute in this case is the second—identity of the causes of action.

---

[3] *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). *See also Pearson ex rel. Trent v. National Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002); *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 704 (Ky. App. 2004).

[4] *Hallahan*, 138 S.W.3d at 705.

[5] *Slone v. R&S Mining, Inc.*, 74 S.W.3d 259, 261 (Ky. 2002).

[6] *Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 464 (Ky. 1998).

[7] *Id.* at 464-65.

[8] *Id.* at 465.

Closely related is the rule against splitting causes of action.[9] The rule, "found in *Restatement (Second) of Judgments*, §§ 24 and 26, is an equitable rule, limiting all causes of action arising out of a single 'transaction' to a single procedure."[10] It rests upon the concept that "parties are required to bring forward their whole case" and may not try it piecemeal.[11] Therefore, it "applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."[12]

"The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts."[13] Both of Coomer's complaints include broadly pled allegations that CSX failed to provide him with a reasonably safe workplace over the course of

---

[9] The rule against splitting causes of action has been described as "a subsidiary of the doctrine of res judicata." *Watts ex rel. Watts v. K, S & H*, 957 S.W.2d 233, 236 (Ky. 1997). Essentially, it is one aspect to be considered when determining whether there is identity of the causes of action. In determining whether there is identity of the causes of action, Kentucky courts apply the "transactional" approach from the RESTATEMENT (SECOND) OF JUDGMENTS, § 24. *See Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 813 (W.D. Ky. 2003) (applying Kentucky law). *See also Yeoman*, 983 S.W.2d at 465 ("The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts."). "Thus, the rule against splitting claims is nothing more than that aspect of *res judicata* which requires the court to determine the scope of the prior claim; *i.e.*, to decide if the second action involves issues which should have been litigated in the first action, but were not." *Harris v. Ashley*, 165 F.3d 27, 1998 WL 681219, at *3 (6th Cir. Sept. 14, 1998) (applying Kentucky law).

[10] *Capital Holding Corp. v. Bailey*, 873 S.W.2d 187, 193 (Ky. 1994).

[11] *Arnold v. K-Mart Corp.*, 747 S.W.2d 130, 132 (Ky. App. 1988) (quoting *Hays v. Sturgill*, 302 Ky. 31, 193 S.W.2d 648, 650 (1946)).

[12] *Id.*

[13] *Yeoman*, 983 S.W.2d at 465.

his career. Both complaints allege cumulative, repetitive stress injuries that occurred over the course of his career. Because of the nature of Coomer's injuries, there are no single, distinct transactions that he alleges to be torts. Rather, CSX's allegedly negligent conduct occurred over the course of many years, and was repetitive and cumulative in nature. Because of the broad nature of Coomer's allegations of negligence, his entire career must be considered a single "transaction." The injuries alleged in each of Coomer's complaints therefore arose from the same transactional nucleus of facts.

However, the rule against splitting causes of action is an equitable rule, and it is subject to a number of exceptions.[14] For example, the rule does not necessarily bar a subsequent suit on "matters which were 'not germane to, implied in or essentially connected with the actual issues in the case . . . .'"[15] Nor does the rule apply to a cause of action before it accrues.[16]

As this Court recognized in *Lipsteuer v. CSX Transportation, Inc.*, the "discovery rule" applies to FELA cases.[17] Therefore, under FELA, "a cause of action accrues when a plaintiff knows or, in the exercise of reasonable diligence, should know of both the injury and its cause."[18]

The Court of Appeals concluded that, even viewing the facts most favorably to Coomer, his cause of action for neck, back, shoulder, and knee

---

[14] *Capital Holding*, 873 S.W.2d at 193. *See also* RESTATEMENT (SECOND) OF JUDGMENTS § 26 (1982) (listing exceptions to the general rule).

[15] *Watts*, 957 S.W.2d at 237 (quoting *Hayes*, 193 S.W.2d at 648).

[16] *Capital Holding*, 873 S.W.2d at 193.

[17] 37 S.W.3d 732, 737 (Ky. 2000) (citing *Urie v. Thompson*, 337 U.S. 163 (1949)).

[18] *Lipsteuer*, 37 S.W.3d at 737.

injuries (the subject of the Perry Circuit case) accrued on October 4, 2002, when Dr. Beard wrote a letter linking Coomer's pain to his work at CSX. This date places the accrual one year after Coomer filed his Jefferson Circuit suit and approximately nine months before that case was dismissed. Therefore, the Court of Appeals reasoned, Coomer should have amended his Jefferson Circuit complaint to include these additional injuries, and his failure to do so means that a second suit is barred by *res judicata*. Coomer argues that applying *res judicata* to his neck, back, shoulder, and knee injuries improperly shortened his three-year statute of limitations under FELA,[19] thus infringing on his substantive federal rights. We agree with Coomer's basic argument, but on slightly different grounds.

In *Capital Holding Corp. v. Bailey*, a couple who had been exposed to asbestos in a building sued the building owner both for negligence and for outrageous conduct causing severe emotional distress.[20] This Court held that, because the couple had not suffered any physical injury from the exposure, their negligence cause of action had not yet accrued.[21] In addressing the couple's argument that the rule against splitting causes of action required that both the negligence and outrageous conduct claims be brought at the same time, this Court explained:

> The rule against splitting causes of action[], found in
> *Restatement (Second) of Judgments*, §§ 24 and 26, is

---

[19] 45 U.S.C. § 56.

[20] 873 S.W.2d at 190.

[21] *Id.* at 193.

an equitable rule, limiting all causes of action arising out of a single "transaction" to a single procedure. But it has a number of exceptions, and the present situation provides such an exception because the plaintiffs cannot sue on the negligence claim before the cause of action accrues. This is the same equitable consideration that underlies the decision in the *Louisville Trust Co. v. Johns-Manville Products*, [580 S.W.2d 497 (Ky. 1979)] case, extending the discovery rule to a claim otherwise cut off by a statute of limitations, and it is a corollary to our refusal to recognize a statute of repose cutting off a cause of action before it exists (*see Tabler v. Wallace*, [704 S.W.2d 179 (Ky. 1985)]).[22]

Therefore, the rule against splitting causes of action does not apply to claims that have not yet accrued. We see no difficulty applying principles of equity to extend this exception to causes of action that accrue while litigation is pending.

"According to all federal Circuit Courts of Appeal that have addressed this issue . . . claim preclusion is measured by claims that had accrued by the time of the original pleading in the earlier action."[23] Thus, the bar on bringing any claim which "might have been brought forward at the time"[24] is limited to

---

[22] *Id.*

[23] *Camus v. State Farm Mut. Auto. Ins. Co.*, 151 P.3d 678, 683 (Colo. Ct. App. 2006) (Webb, J., concurring) (collecting cases). *See, e.g., Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 530 (6th Cir. 2006) ("[R]es judicata does not apply to claims that were not ripe at the time of the first suit."); *Mitchell v. City of Moore*, 218 F.3d 1190, 1202-03 (10th Cir. 2000); *Baker Group, L.C. v. Burlington N. & Santa Fe Ry. Co.*, 228 F.3d 883, 886 (8th Cir. 2000) ("It is well settled that claim preclusion does not apply to claims that did not arise until *after* the first suit was filed.") (emphasis in original) (applying Kansas law); *Florida Power & Light Co. v. United States*, 198 F.3d 1358, 1360 (Fed. Cir. 1999); *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1358 (11th Cir. 1998); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997); *Sec. & Exch. Comm'n. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1464 (2d Cir. 1996); *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992) (applying Alabama law); *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 750 F.2d 731, 739 (9th Cir. 1984) (en banc) (applying California law).

[24] *Egbert v. Curtis*, 695 S.W.2d 123, 124 (Ky. App. 1985).

"claims in existence at the time the original complaint is filed or claims *actually* asserted by supplemental pleadings or otherwise in the earlier action."[25]

Theses decisions are based on the permissive, non-mandatory language of Federal Rule of Civil Procedure 15 (the federal equivalent of CR 15).[26] "[CR] 15 relates to amended and supplemental pleadings, and in substance is identical to FRCP 15."[27] Ordinarily, when new events transpire, a plaintiff would supplement the original complaint under CR 15.04. But if the plaintiff failed to do so, those claims would not be barred by *res judicata*, because the events transpired after the filing of the original complaint.

This case is somewhat unusual, in that Coomer's neck, back, shoulder, and knee injuries occurred *prior* to the date he filed his Jefferson Circuit complaint, but allegedly did not accrue until *after* that date. The proper method for Coomer to include those injuries in his complaint would have been to amend the Jefferson Circuit complaint pursuant to CR 15.01 (rather than by supplementing his complaint pursuant to CR 15.04).[28] However, the same equitable considerations apply, and Coomer was not required to include

---

[25] *Manning*, 953 F.2d at 1360 (emphasis in original) (footnote omitted).

[26] *See Manning*, 953 F.2d at 1360 ("Under the Federal Rules, the filing of supplemental pleadings is optional for the plaintiff; the existence of the doctrine of res judicata does not make the filing of supplements mandatory. The doctrine of res judicata governs what is to be done about claims that should have been brought in an earlier case, but the doctrine does not dictate *which* claims should have been brought earlier. Other laws, such as Federal Rule of Civil Procedure 15, govern that issue.") (emphasis in original).

[27] 6 The late Kurt A. Philipps, Jr., David V. Kramer, & David W. Burleigh, Kentucky Practice, Rules of Civil Procedure Annotated, Rule 15.01 (6th ed. 2005).

[28] *See id.*, Rule 15.04 ("Amended pleadings relate to matters that occurred prior to the filing of the original pleading and replace them entirely. A supplemental pleading relates to events that have occurred since the pleading to be altered.").

injuries that accrued after the date he filed the Jefferson Circuit suit. Therefore, if Coomer's cause of action for his neck, back, shoulder, and knee injuries accrued *after* the date he filed the Jefferson Circuit complaint, then he would not be barred by *res judicata* from bringing his later Perry Circuit suit for those injuries.

The time when a plaintiff is put on notice about the cause of his injury is a question of fact to be answered by a jury.[29] Therefore, on remand, if this case reaches trial, the jury would be required to make a finding as to when Coomer knew, or in the exercise of reasonable diligence should have known, of both his injury and its cause.[30] If a jury finds that this occurred before Coomer filed his Jefferson Circuit case, then he would be barred by *res judicata* from asserting those claims in Perry Circuit Court. But if this occurred after the Jefferson Circuit filing, then *res judicata* would not apply.

## B. Issue Preclusion

The second portion of the doctrine of *res judicata* is issue preclusion (sometimes referred to as collateral estoppel). Issue preclusion requires four elements. First, (1) "the issue in the second case must be the same as the issue in the first case."[31] In addition, the issue must have been (2) actually litigated, (3) actually decided, and (4) necessary to the court's judgment.[32]

---

[29] *See Lipsteuer*, 37 S.W.3d at 737.

[30] *See id.*

[31] *Yeoman*, 983 S.W.2d at 465 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)).

[32] *Id.*

11

Unlike claim preclusion and the rule against splitting causes of action, which apply broadly to any claim which "might have been brought forward at the time[,]"[33] issue preclusion requires that "[t]he issues in the former and latter actions . . . be identical."[34]

In this case, we believe that the fact that Coomer has asserted different mechanisms of injury in each case is sufficient to avoid the bar of issue preclusion. If this were not true, then a single ruling on CSX's negligence would apply to any and all claims of negligence against CSX in the future. In the Jefferson Circuit case, Coomer asserted negligence related to excessive tool vibration, which allegedly resulted in carpal tunnel syndrome and ulnar neuropathy. In the instant Perry Circuit case, Coomer has asserted negligence related to lifting and loading, allegedly resulting in neck, back, shoulder, and knee injury. These are different issues of negligence, and issue preclusion therefore does not apply.

## C. Equitable Estoppel

Finally, Coomer argues that CSX should be estopped from asserting the doctrine of *res judicata*, based on the letter from CSX's counsel to Coomer's counsel, stating, "Should you and your client wish to pursue a cause of action for any injuries in addition to those set forth in your initial Complaint, you will need to file a separate action."

> The essential elements of equitable estoppel are[:] (1) conduct which amounts to a false representation or

---

[33] *Egbert*, 695 S.W.2d at 124.

[34] *Yeoman*, 983 S.W.2d at 465.

concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. And, broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.[35]

If Coomer's cause of action accrued after he filed the Jefferson Circuit suit, then, as previously discussed, *res judicata* would not apply, and Coomer's equitable estoppel argument is moot. If Coomer's cause of action accrued prior to the filing of the Jefferson Circuit suit, then a second suit would have been barred by *res judicata* long before CSX's counsel wrote the letter in question. Thus, there would be no detrimental reliance.

### III. CONCLUSION

Because a genuine issue of material fact exists, summary judgment cannot be granted on the basis of *res judicata* under federal precedents pertaining to FELA actions. Therefore, the opinion of the Court of Appeals and the judgment of the Perry Circuit Court are reversed. The case is hereby

---

[35] *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 62 (Ky. 2010) (citing *Sebastian-Voor Properties, LLC v. Lexington-Fayette Urban County Gov't*, 265 S.W.3d 190, 194-95 (Ky. 2008)) (alterations in original).

remanded to the Perry Circuit Court for proceedings consistent with this opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Alva A. Hollon, Jr.
John Oaks Hollon
Sams & Hollon, P.A.
9424 Baymeadows Rd., Suite 160
Jacksonville, FL 32256-7967

Thomas Ira Eckert
P.O. Box 7272
Hazard, KY 41702

COUNSEL FOR APPELLEE:

Edward H. Stopher
Darryl S. Lavery
Boehl, Stopher & Graves, LLP
2300 Aegon Center
400 West Market Street
Louisville, KY 40202-3354