RENDERED: APRIL 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0084-MR

CHARLES HENSLEY                                                    APPELLANT

v.
APPEAL FROM HARLAN CIRCUIT COURT
HONORABLE KENT HENDRICKSON, JUDGE
ACTION NO. 19-CI-00418

JOHN W. SAYLOR                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: Appellant, Charles Hensley ("Hensley"), appeals from the

Harlan Circuit Court's November 26, 2019 order granting Appellee, John W.

Saylor's ("Saylor"), motion for summary judgment. For the reasons set forth

herein, we affirm.

## BACKGROUND

In 2015, Hensley sued Saylor in Harlan Circuit Court alleging that Saylor had filed a quit claim deed to property unowned by Saylor, and that Saylor had caused metal survey pins to be placed in a public roadway. Hensley claimed both actions denied him access to his property, which was across the road from Saylor. On June 29, 2015, an agreed order of dismissal was entered stating that Hensley was satisfied the survey pins had been removed from the roadway, and that the quitclaim deed did not impact the roadway. The suit was dismissed with prejudice as to "all issues and potential issues."

On October 22, 2019, Hensley again sued Saylor in Harlan Circuit Court, alleging that Saylor had caused posts to be placed in the roadway which denied him access to his property. Hensley filed into the record a plat map allegedly showing that the roadway, which was currently 12 feet wide, had originally been 25 feet wide. In response to the complaint, Saylor filed a motion to dismiss on November 7, 2019, claiming that Hensley's action was precluded by *res judicata*.

At a hearing held on the motion, Hensley testified that prior to the first action, Saylor had hauled dirt and piled it on Saylor's side of the road, creating an embankment. This, along with the placement of the posts, prevented Hensley from accessing his property. Following the hearing, the circuit court ruled that

Hensley's complaint was barred by *res judicata*. The court noted that both of Hensley's suits concerned Saylor's alleged encroachment onto the road and both allege that encroachment impedes Hensley's access to his property. Further, it held that Hensley was aware of the encroachment, and at least constructively aware of the plat, prior to the first suit. Therefore, it held these were issues that could have been litigated in the prior suit. This appeal followed.

## ANALYSIS

Motions to dismiss are governed by Kentucky Rules of Civil Procedure 12.02. "'[T]he pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true.' This exacting standard of review eliminates any need by the trial court to make findings of fact[.]" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (footnotes omitted). The motion should only be granted if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]" *Unifund CCR Partners v. Harrell*, 509 S.W.3d 25, 28 (Ky. 2017) (citations omitted). "[A] motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo." *Fox*, 317 S.W.3d at 7 (citations omitted).

I.    *Res Judicata*

*Res judicata* is commonly considered an "umbrella term" that encompasses the defenses of claim preclusion and issue preclusion. *Miller v. Administrative Office of Courts*, 361 S.W.3d 867, 871 (Ky. 2011). In fact, the term is often used synonymously with both claim and issue preclusion. *See Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998). Claim preclusion does, however, differ from issue preclusion in important ways. First, claim preclusion serves to prevent re-litigation of claims and issues that have already been brought and ruled upon in court between the same parties. *See Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 371 (Ky. 2010). Claim preclusion "bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action." *Yeoman*, 983 S.W.2d at 465 (citations omitted).

Issue preclusion, though like claim preclusion, is a defense that is asserted by a non-party to the previous action against someone who was a party to the action. *See Miller*, 361 S.W.3d at 872. Here, Hensley and Saylor were both parties to the previous suit. Therefore, claim preclusion is the relevant doctrine and the only one we will address herein.

## II.   Claim Preclusion

Hensley argues that the circuit court erred by finding that the doctrine of *res judicata* precluded his claims. He contends the posts placed by Saylor constitute a new action that could not have been litigated in the previous case. It is because of this new alleged denial of access that Hensley believes his claim in the current case should not be precluded as a previously litigated claim. We disagree.

For a claim to be precluded by a previous action, "three elements must be present: (1) identity of the parties, (2) identity of the causes of action, and (3) resolution on the merits." *Coomer*, 319 S.W.3d at 371 (citation omitted). Here, there is no question that Hensley and Saylor are the same parties from the 2015 suit. Likewise, Hensley's claims in that case were dismissed with prejudice by agreed order, constituting a resolution on the merits. *See 3D Enterprises Contracting Corp. v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005) (citing *Blevins v. Johnson*, 344 S.W.2d 375, 377 (Ky. 1961)) ("The fact that this matter was settled rather than tried does not abrogate the effect of the doctrine: '[i]n general, a judgment by agreement, consent or compromise bars a subsequent action on the same cause of action.'"). Thus, we turn to the second element of claim preclusion: identity of the causes of action.

Under this element,

> [t]he key inquiry in deciding whether the lawsuits
> concern the same controversy is whether they both arise

from the same transactional nucleus of facts. If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or could have been brought in support of the cause of action.

*Yeoman*, 983 S.W.2d at 465 (citations omitted). Despite Hensley's protestations to the contrary, both lawsuits clearly arise under the same transactional nucleus of facts. Both concern a controversy over Hensley and Saylor's respective rights to the roadway and Saylor's alleged infringement of Hensley's rights. The only recognizable differences are the introduction of the plat map and the item alleged to have been placed in the roadway: metal pins versus posts.

While Hensley argues that Saylor's act of placing the posts was a "new claim which could not have been litigated in the previous case as the Appellee had in no way denied the Appellant access to Appellant's property at that time[,]" both complaints allege that Saylor's acts denied Hensley access and use of the road and his property. We see no meaningful distinction between an obstruction by pins or posts. The record plainly refutes that Hensley's claim of denial of access to property was novel to the second action. The agreed order of dismissal "fully and finally settled . . . all issues and potential issues" between the parties. Saylor's obstruction of the road, whether by pin or post, certainly falls within the "issues and potential issues" that existed and were dismissed in 2015. Further, the plat map that was introduced into the record has been in existence

since 1928 and was certainly available to Hensley during the 2015 litigation. As such, any dispute or potential dispute about the respective rights of the parties to the right of way could, and should, have been litigated in the 2015 suit and is now precluded between these two parties.

Lastly, Hensley argues that claim preclusion is improper because the agreed order dismissing the 2015 case was contingent upon the fact that the "survey markers in the county road ha[d] been removed[.]" While this may have factored into Hensley's decision to dismiss his claim, he could have sought a dismissal without prejudice. Instead, Hensley agreed to dismiss his claims against Saylor with prejudice. Therefore, pursuant to the agreed order, any "issues or potential issues" about rights or access to the road were "fully and finally settled[.]"

## CONCLUSION

For the foregoing reasons, we affirm the Harlan Circuit Court's order granting Saylor's motion to dismiss.

ALL CONCUR.

BRIEF FOR APPELLANT:

Otis Doan, Jr.
Harlan, Kentucky

BRIEF FOR APPELLEE:

Johnnie L. Turner
Harlan, Kentucky

-7-