RENDERED: MAY 8, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0075-MR

SALLY SCHILLING                                                    APPELLANT


v.
APPEAL FROM OLDHAM CIRCUIT COURT
HONORABLE JERRY D. CROSBY, II, JUDGE
ACTION NO. 23-CI-00100


WESBANCO BANK, INC.                                                 APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Sally Schilling brings this appeal from a June 10, 2024, Order

of the Oldham Circuit Court granting summary judgment in favor of WesBanco

Bank, Inc., (WesBanco) and dismissing claims asserted by Schilling. We affirm.

## **FACTS**

On March 20, 2018, WesBanco filed a foreclosure action (Action No.

18-CI-00153) in Oldham Circuit Court against, *inter alios*, Sally Schilling.

Therein, WesBanco alleged that Schilling had defaulted upon commercial loans

evidenced by promissory notes and secured by mortgages upon four separate real properties owned by Schilling. Eventually, by Judgment and Order of Sale entered January 22, 2019, the circuit court rendered judgment against Schilling for the outstanding amount upon the promissory notes and for attorney's fees, which alone totaled $16,200. Additionally, the circuit court held "[t]he right is reserved to the Plaintiff to make later claims for amounts advanced for taxes, insurance, assessments, sums expended pursuant to [Kentucky Revised Statutes] KRS 426.525, and other levies and costs paid by the Plaintiff, and for any additional reasonable attorney fees expended or incurred by Plaintiff." Judgment and Order of Sale at 10. The court also directed the master commissioner to sell the real properties owned by Schilling to satisfy the indebtedness.

On March 18, 2019, Schilling filed a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Kentucky, Louisville Division, (Case No. 19-30821-acs). However, Schilling ultimately elected to voluntarily dismiss the bankruptcy proceeding, and same was dismissed by order entered July 9, 2020.

Thereafter, by order entered November 30, 2021, the circuit court referred the action to the master commissioner to conduct a judicial sale, and the master commissioner scheduled a sale of Schilling's real property, located at 8003 Rollington Road in Pewee Valley, Kentucky, to take place on February 22, 2022.

To advert the sale of the 8003 Rollington Road property, Schilling borrowed money from a third party to pay off the outstanding sum owed to WesBanco. According to WesBanco, the payoff amount was $287,295.25,[1] and on February 21, 2022, Schilling forwarded said amount to WesBanco. As a result, WesBanco released its mortgage lien upon the property and filed a motion to dismiss the foreclosure action, which was granted by the circuit court on March 23, 2022.

Subsequently, on February 20, 2023, Schilling initiated the current action (Action No. 23-CI-00100) by filing a complaint in the Oldman Circuit Court against WesBanco. Therein, Schilling asserted that the payoff amount of $287,295.25, as demanded by WesBanco, was incorrect and that she actually owed some $40,000 less than this amount. As a result, Schilling alleged the following claims against WesBanco: negligence, misrepresentation, breach of contract, unjust enrichment, conversion, intentional/negligent infliction of emotional distress, breach of fiduciary duty, and for an accounting. WesBanco filed an answer and counterclaim. In the counterclaim, WesBanco sought a declaration of rights that Schilling's claims were barred by accord and satisfaction, *res judicata*, collateral estoppel, waiver, estoppel, and laches.

---

[1]Apparently, Sally Schilling's other real properties had been sold and payments had been made to reduce her indebtedness to WesBanco Bank, Inc.

WesBanco filed a motion for summary judgment. In the motion, WesBanco argued that Schilling's claims were barred by *res judicata* and were otherwise without merit. WesBanco maintained that it owed no duty to Schilling, was not negligent, made no misrepresentation, and did not breach any fiduciary duty. WesBanco also asserted that it neither breached a contractual provision nor made a misrepresentation to Schilling. WesBanco claimed that it merely informed Schilling of the loan payoff amount to avert the master commissioner's sale of the real property. WesBanco contended that it was not unjustly enriched and did not convert any of Schilling's money because the money was properly utilized to pay off the defaulted loans. In fact, WesBanco alleged that it discovered that the payoff amount was $10,789.15 less than the amount Shilling actually paid. WesBanco emphasized that it disclosed to Schilling that the payoff amount included attorney's fees incurred after the January 22, 2019, Judgment and Order of Sale. Moreover, WesBanco pointed out that it provided Schilling a written calculation of how it arrived at the loan payoff amount ($287,295.25).

In response, Schilling maintained that the material facts were disputed and that WesBanco was not entitled to judgment. Schilling asserted that WesBanco was awarded $16,200 in attorney's fees in the January 22, 2019, Judgment and Order of Sale. According to Schilling, the attorney's fees awarded were less than the amount WesBanco had sought for attorney's fees; however, in

the payoff amount of $287,295.25, WesBanco improperly included excessive attorney's fees of over $42,000 without seeking circuit court approval. Schilling argued that she only paid $287,295.25 because WesBanco represented that such sum was the correct amount due to discharge her indebtedness. Schilling maintained she sought an accounting from WesBanco, but it has not supplied her with such accounting. Schilling asserted that WesBanco breached the implied duty of good faith and fair dealing present in every contract and breached the fiduciary duty it owed her by including attorney's fees into the payoff amount without obtaining circuit court approval of the fee amount. Schilling maintained that her claims were not barred by *res judicata*.

In a June 10, 2024, Order, the circuit court rendered summary judgment in favor of WesBanco. Therein, the circuit court concluded that Schilling's claims were barred by *res judicata* and were meritless:

> It should be noted that Plaintiff never challenged Defendant's inclusion of the additional fees in her payoff amount in the 2018 foreclosure action. These fees were clearly delineated in the numerous communications that occurred between Ms. Schilling and the attorney for the bank. Defendant moved this Court to set the matter for a judicial sale at the end of November of 2021. At that time, Plaintiff was provided payoff information that included over $31,000 of attorneys' fees, which included the fees associated with the 2019 Judgment but also an additional $14,000 plus in fees that had accrued since that time. Plaintiff was also told unbilled fees were not included in this total. At no time did Plaintiff challenge

-5-

this award of attorneys' fees in the 2018 foreclosure action.

    . . . .

    The doctrine of res judicata and the rule against splitting causes of action are intended to prevent multiplicity of suits. Res judicata consists of two concepts, claim preclusion and issue preclusion (also called collateral estoppel). Claim preclusion bars subsequent litigation between the same parties or their privies, on a previously adjudicated cause of action. Issue preclusion, on the other hand, precludes the relitigation of an issue that was actually litigated and decided in a prior proceeding. Finally, the rule against splitting causes of action precludes successive actions arising from one transaction. *Moorhead v. Dodd*, 265 S.W.3d 201, 203 (Ky. 2008).

    . . . .

    In her 2018 Foreclosure case, Plaintiff voluntarily agreed to a payoff amount tendered by Defendant in order to stop a judicial sale. During this foreclosure action, Plaintiff was represented by counsel. She had numerous opportunities to contest the amounts owed, not only in the foreclosure action but also the bankruptcy case but chose not to do so. Instead, she agreed to the payoff amount and tendered said payment. Documentation provided by Defendant in this case, clearly shows the fees, expenses and attorneys' fees associated with said payoff amount. In exchange for this payment, Defendant agreed to cancel the judicial sale and dismiss the foreclosure action, releasing any liens and *lis pendens* on the property.

    Almost eleven months later, Plaintiff files a lawsuit contesting the payoff amount owed in the foreclosure action. The Court finds that Plaintiff should have brought the issue of the payoff amount to the

attention of the Court during the 2018 Foreclosure action. As noted in *Moorehead*, when a matter is in litigation, parties are required to bring forward their whole case and the plea of res judicata applies not only to matters on which the Court was required to pronounce judgment, but to matters properly belonging to the litigation and which the parties, by exercising reasonable diligence, should have brought forward at the time. *Moorehead*, 265 S.W.3d at 204.

. . . .

Even construing the facts in the light most favorable to Plaintiff, she has failed to bring forth any affirmative evidence to counter a claim these issues should have been raised in the original action.

June 10, 2024, Order at 9-10, 12, 15, and 16. This appeal follows.

## STANDARD OF REVIEW

Summary judgment is proper where there exists no material issue of fact and movant is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). When considering a motion for summary judgment, all facts and inferences therefrom are to be considered in a light most favorable to the nonmoving party. *Id.* As only issues of law are considered, our review is *de novo*.

## RES JUDICATA

Schilling contends that the circuit court erred by rendering summary judgment dismissing her claims against WesBanco. Schilling argues that *res judicata* is inapplicable because "the facts underlying Ms. Schilling's current

claims were not fully discovered or litigated previously." Schilling's Brief at 9.

Schilling maintains that *res judicata* operates to preclude claims that were actually

decided in another action. Schilling argues that the reasonable amount of

attorney's fees owed by Schilling that were incurred after the January 22, 2019,

Judgment and Order of Sale was never adjudicated. Schilling alleges that her

claims of negligence, misrepresentation, breach of contract, unjust enrichment,

conversion, intentional/negligent infliction of emotional distress, breach of

fiduciary duty, and for an accounting concern the excessive post-judgment

attorney's fees included in the payoff amount by WesBanco; thus, *res judicata* is

inapplicable.

In Kentucky, it is often said that the doctrine of *res judicata* is

composed of both claim preclusion and issue preclusion.[2] *Yeoman v.*

*Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 464-65 (Ky. 1998). The

Kentucky Supreme Court has explained the doctrine:

> The rule of res judicata is an affirmative defense which
> operates to bar repetitious suits involving the same cause
> of action. The doctrine of res judicata is formed by two
> subparts: 1) claim preclusion and 2) issue preclusion.
> Claim preclusion bars a party from re-litigating a
> previously adjudicated cause of action and entirely bars a
> new lawsuit on the same cause of action. Issue
> preclusion bars the parties from relitigating any issue

---

[2] At times, our Courts have utilized the general term *res judicata* instead of and in the place of the term claim preclusion. *See Miller v. Admin. Off. of the Cts.,* 361 S.W.3d 867, 871 (Ky. 2011).

actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical. The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts. If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or could have been brought in support of the cause of action.

*Yeoman v. Com., Health Policy Bd.*, 983 S.W.2d 459, 464-65 (Ky. 1998) (citations omitted). Relevant herein, claim preclusion generally bars the relitigation of matters that were previously litigated or could have been previously litigated in an earlier action. *Leonhardt v. Lang*, 659 S.W.3d 795, 800 (Ky. App. 2025). Stated differently, claim preclusion precludes "not only . . . the points upon which the court was required by the parties to form an opinion and pronounce judgment, but . . . every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Coomer v, CSX Transp. Inc.*, 319 S.W.3d 366, 371 (Ky. 2010); *see also Miller v. Admin. Off. of the Cts.*, 361 S.W.3d 867, 871 (Ky. 2011).

To invoke claim preclusion, there must be "(1) identity of the parties, (2) identity of the causes of action, and (3) resolution on the merits." *Coomer*, 319 S.W.3d at 371. To bar an action, the parties in the current action and earlier action must be the same, and the current action and the earlier action must "both arise from the same transactional nucleus of facts." *Id.* (quoting *Yeoman*, 983 S.W.2d at

465). We also note, that claim preclusion is "limited to 'claims in existence at the time the original complaint [in the earlier action] is filed or claims *actually* asserted by supplemental pleadings or otherwise in the earlier action.'" *Coomer*, 319 S.W.3d at 373 (quoting *Manning v. City of Auburn,* 953 F.2d 1355, 1360 (11th Cir. 1992)). When "a judgment [is] by agreement, consent or compromise," it constitutes a judgment on the merits, and a subsequent action on the same cause of action is barred. *3D Enters. Contracting Corp. v. Louisville & Jefferson City Metro. Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005) (quoting *Blevins v. Johnson*, 344 S.W.2d 375, 377 (Ky. 1961)).

In this case, claim preclusion will only bar the instant action against WesBanco if there are identity of the parties, identity of the causes of action, and resolution of the foreclosure action upon the merits. *See Coomer*, 319 S.W.3d at 371. The facts are undisputed that WesBanco and Schilling were parties in the earlier foreclosure action and are parties in the current action. Thus, under the doctrine of claim preclusion, the requirement of identity of parties is satisfied.

Likewise, it is undisputed that Schilling paid WesBanco the amount of $287,295.25, in the foreclosure action in order to satisfy Schilling's indebtedness and to effectuate a dismissal of the action without a commissioner sale of certain real property. The circuit court only dismissed the foreclosure action upon motion of WesBanco, which occurred after it was paid the sum of $287,295.25 by

-10-

Schilling. Consequently, the foreclosure action was effectively dismissed upon settlement of the matter between WesBanco and Schilling, which constitutes a resolution of the merits. *See 3D Enters. Contracting Corp.*, 174 S.W.3d at 448. Hence, the requirement of resolution on the merits is satisfied.

The last requirement is identity of the causes of action. It is clear that the foreclosure action and the current action are based upon the "same transactional nucleus of facts." *Coomer*, 319 S.W.3d at 371. Both actions revolve around Schilling's breach of the promissory notes and WesBanco's efforts to obtain satisfaction of Schilling's indebtedness, including foreclosing upon mortgaged real property. In this action, Schilling's claims against WesBanco are particularly based upon the excessiveness of attorney's fees included in the payoff amount by WesBanco in the foreclosure action. The entitlement of WesBanco to reasonable attorney's fees was a key issue in the foreclosure action and was sought by WesBanco in its Foreclosure Complaint filed on March 20, 2018. WesBanco was awarded attorney's fees in the January 22, 2019, Judgment and Order of Sale, and in the same judgment, the circuit court acknowledged that WesBanco was entitled to additional post-judgment attorney's fees. Additionally, WesBanco informed Schilling by two separate letters that the ultimate payoff amount would include additional attorney's fees incurred after the January 22, 2019, Judgment

and Order of Sale.[3]  Schilling could have contested the reasonableness of such attorney's fees in the foreclosure action but failed to do so.  For these reasons, the requirement of identity of causes of action is satisfied.

Accordingly, we are of the opinion that the circuit court properly determined that claim preclusion bars Shilling's current action against WesBanco. We, thus, conclude that the circuit court properly rendered summary judgment dismissing Schilling claims against WesBanco.[4]

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, we affirm the June 10, 2024, Order of the Oldham Circuit Court.

ALL CONCUR.

---

[3] In a November 15, 2021, letter from WesBanco's attorney to Schilling's attorney, WesBanco responded to Schilling's request for a payoff amount.  Therein, it was clearly stated that "[t]he judgment balance as of today's date, including attorney fees and costs billed to the Bank for services [billed] though the end of October, comes to $280,690.52, plus post-judgment interest . . . ."  Later, in the same letter, WesBanco explained that the payoff amount was derived by including an additional "$14,354.14 in attorney fees and costs in excess of the Judgment award of $17,357.98 total."  WesBanco also added that "[u]nbilled fees were not added either, so this is not a 'final number[.]'"  Subsequently, in a February 8, 2022, letter from WesBanco's attorney to Schilling's attorney, it is again clearly stated that "[t]he total needed to pay off the Judgment and pay all fees and costs as of tomorrow is $282,982.08."

[4] This Opinion should not be misconstrued as holding that the attorney's fees obtained by WesBanco in the payoff amount were reasonable.  We merely hold that Schilling's current action is barred by claim preclusion; however, we express no opinion upon whether Schilling could file a Kentucky Rules of Civil Procedure 60.02 motion in the foreclosure action to contest the reasonableness of the fees.

BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEE:

Zachary L. Taylor              M. Thurman Senn
Louisville, Kentucky          Louisville, Kentucky